### IN THE

# SUPREME COURT

### OF THE

# State of Vermont,

---◦---

### CHITTENDEN COUNTY, DECEMBER TERM, 1826.

#### *Jacob Davis* vs. *Solomon S. Miller.*

IF a deputy sheriff deliver personal property attached by him to a person knowing the situation of the property, and who thereupon undertakes merely to redeliver it on demand, the Sheriff may claim to have made the bailment himself through the medium of the deputy, and may maintain an action in his own name against the bailee, to recover the value of the property so delivered to him.

Any officer holding an execution is competent to make a demand of property attached on the original process, of the person to whom said property was delivered by the attaching officer, so as to subject such bailee to an action in case he do not re-deliver it upon such demand.

One whose property is attached in a suit brought against him, and has again gotten possession of the property with the consent of the person to whom it was entrusted by the attaching officer, is not a competent witness for the Defendant in an action brought by the officer against such bailee for not re-delivering said property.

ASSUMPSIT, in which the plaintiff declared that on the 14th day of October, 1815, being Sheriff of the county of Chittenden, and having in his hands a writ of attachment in favor of one *Fitch* a-

B

gainst *Elisha Sears* of Williston, he duly attached on that writ, a certain horse, the property of *Sears;* that on the day following he delivered said horse to the defendant, who promised to re-deliver the same to the plaintiff on request, or pay all damages, &c.

The declaration then averred the return of the writ, the recovery of judgment by *Fitch* against *Sears,* the issuing of execution, and a seasonable demand of the horse, and that by reason of the neglect and refusal of the defendant to re-deliver the same when so demanded, the plaintiff had been compelled to pay the creditor his debt.

A trial was had upon the general issue pleaded at the last August Term of the County Court, Mr. Justice PRENTISS presiding, and the case now come before the Court upon exceptions taken by the defendant upon the trial.

It appeared by the exceptions that the attachment was made by *Prime,* one of the plaintiff's deputies, and that he delivered the horse to the defendant, and received his promise to re-deliver the same, without any personal interference of the plaintiff in the transaction; that this was done for the benefit of *Sears,* who thereupon took the horse into his possession and use. It also appeared that the defendant offered in evidence the deposition of *Sears,* which was rejected by the Court as inadmissible, on the ground of interest in the deponent. It further appeared that the demand of the horse was made upon the defendant by one *Tuttle,* the officer holding the execution in favor of *Fitch* against *Sears,* and that he made the demand by direction of the creditor's attorney, and not in virtue of any express authority to that effect from the plaintiff or *Prime.* It also appeared that the counsel for defendant contended and requested the Court to charge the jury, that the promise proved was personal to *Prime,* and that the plaintiff could not sue upon it, and that the horse had not been demanded by a person duly authorized to make the demand. " But the Court directed " the jury that *Prime* being the deputy of the plaintiff, was in law " the servant of the plaintiff; that the promise to *Prime* was in " construction of law a promise to the plaintiff, and the plaintiff " might well maintain this action upon it," and that *Tuttle,* while holding the execution, had competent authority to demand the horse.

*Adams*, for the defendant, now urged the objections taken at the trial, contending that the contract in evidence was a contract altogether personal between the defendant and *Prime*. It is in the power of a deputy sheriff to make personal stipulations as to the disposition of property by him attached, and the present contract was clearly of of that character. The receipts taken by deputies for property attached are usually so drawn that the law raises a liability to the Sheriff; but this is produced by the terms of the writing. Suppose a bond had been given to *Prime*, conditioned for the return of the horse; it will not be pretended that the Sheriff could prosecute the bond in his own name. The demand in this case was not sufficient to charge the defendant. The law applicable to contracts in general, was applicable in this case, and required the demand to be made by authority from the plaintiff, or rather from *Prime*. *Tuttle* was not authorized to make the demand from the circumstance of holding the execution, nor would a delivery to him have discharged the defendant, upon the failure of *Tuttle* to make a due application of the property in discharge of the execution.— The deposition of *Sears* was improperly excluded; for his interest was equally balanced between the parties to be affected by his evidence. He was not liable to the defendant for the costs of this suit; they being incurred by the defendant in his own wrong, if he had really become accountable as alleged by the plaintiff. And though the witness was liable for the costs, that circumstance would not render him incompetent.—7 *T. R.* 481, *Ilderton* vs. *Atkinson.*—2 *East*, 458, *Birt* vs. *Kershaw.*

*Griswold*, for the plaintiff. The Court very properly instructed the jury that the relation subsisting between the plaintiff and *Prime*, was that of master and servant; and hence the undertaking of the defendant would enure to the plaintiff, so long as nothing appeared in the terms of the contract or in the nature of the transaction to evince a different intent. The execution gave *Tuttle* an undoubted right to demand the property of the defendant. Such right must exist in the officer holding the execution, for the property being still holden by the attachment, was, of course, subject to the execution, and a delivery of it in obedience to the demand of *Tuttle*, would have effectually discharged the defendant from

Chittenden, Dec. 1826. } all future accountability.  The liability of
Davis vs. Miller.          { Sears to the defendant for the costs of this
suit  created an interest which rendered his deposition inadmissible.

ROYCE, J. delivered the opinion of the Court.

The first  and principal objection to  the  verdict in this case is,
that the contract of the defendant was wholly between  himself and
*Prime* in his private right, and therefore could not be given in ev-
idence to support the allegation of a contract  with  the plaintiff.—
This objection assumes that the delivery of the property to the de-
fendant, upon his undertaking  to see it forthcoming on  request,
was not an official act.  And if by official acts, we are  to under-
stand such acts only as the Sheriff or his deputy is *required* or *ex-
pressly authorized*  by statute to  perform,  this proposition is un-
questionably true ;  for no law obliges an officer to deliver proper-
ty in his official custody,  upon the contract of  any one to re-de-
liver it.    This has  always been  regarded as a matter of  indul-
gence or convenience on the part of  the officer,  but not of  official
duty.   According to this distinction, it was  decided  in the case of
*Green* vs. *Holmes* and *Langworthy*,*  that the officer's return upon
the execution, of his having demanded property attached, was not
evidence of such demand.   But though the act of  delivering the
property to the defendant for safe keeping, was not official, yet we
think that under the circumstances of this case, the plaintiff  had a
right to claim the  benefit of the defendant's promise as  made to
himself.   The bailment in this  instance  was a legal act, though
not an official one ;  the deputy had contracted no  liability, except
to the plaintiff,  and the plaintiff alone was responsible to the cre-
ditor for the property attached.    It is but reasonable that the Sher-
iff, in such a case, should be allowed  to controul the custody and
preservation of the property, especially, when by so doing he vol-
untarily discharges the only liability  of the deputy who made the
attachment.   The Sheriff, as the  principal and  superior of the
department, may acquire rights growing out of  other transactions
than the performance of acts strictly official.   We  do not decide
that he must become a party, against his consent,  to every stipu-
lation which his deputy may enter into relating to property attach-
ed,  or that a contract may not be framed in terms so exclusively

*Determined by the Supreme Court in Franklin County, July Term, 1825.

applicable to the deputy in his individual ca-
pactity as to prevent the legal participation
of the Sheriff therein; but we intend to say that in the common case of a bailment by a deputy sheriff of property attached by him to a person knowing the situation of the property and undertaking merely to restore it on demand, the Sheriff may claim to have made the bailment himself through the medium of his servant.—— The demand of the horse was sufficiently made by *Tuttle* to charge the defendant in this action. The property attached being holden to respond the judgment was subject to the execution in the hands of *Tuttle*. It was therefore the duty of the defendant to produce it when demanded upon the execution. The terms of his promise were to deliver up the property to the plaintiff on demand; but this is to be taken with reference to the subject matter, and only imports that the defendant held the property in subjection to the attachment. Any officer holding the execution sufficiently represented the plaintiff to make the demand, and a delivery to such officer would be in effect a delivery to the plaintiff. A complaince with the demand made would have discharged the plaintiff and defendant; and as a non-compliance has subjected the plaintiff, it is but just that it should subject the defendant also.

The cases cited to prove the deposition of *Sears* admissible are of a different class from the present, and perhaps their authority is not without question. In this case *Sears* was the party solely benefitted by the undertaking of the defendant. He was therefore as certainly holden to indemnify him as any principal is bound to indemnify his surety; and this obligation does extend to cover the costs of the present suit, for until judgment in this action the defendant is not fixed with the debt. The admission of *Sears* as a witness for the defendant under such circumstances must be a glaring innovation upon the law of evidence. The judgment of the County Court must be affirmed.

*Griswold*, for plaintiff.

*Adams*, for defendant.