Daniel, Judge,
 

 having stated the case as above, proceeded : — The sheriff in making an under-sheriff does implicitly give him power to execute the ministerial offices of the sheriff himself, that may be transferred by law; as serving processes and executions, making returns, and the like. Watson on Sheriffs, 30. If a defendant is arrested on a
 
 ca. sa.,
 
 and then
 
 is voluntarily
 
 suffered to escape, he cannot be arrested again on the same writ; if he is again arrested, he shall have his action of trespass and false imprisonment. Watson, 141.
 
 Atkinson
 
 v.
 
 Jameson,
 
 5 T. R. 25. But, admitting the law to be so, say the defendant’s counsel, s.till the sheriff was not liable for the second arrest, made by the deputy, which arrest was made beyond the limits of his proper county. It is contended, that Jasper should have sued the deputy, and not the high sheriff, for false imprisonment. We think otherwise. The sheriff is liable for his own or his officer’s extortions or other misconduct under 'colour off his office. 3 Chitty’s Genl. Prac. 46. Cowp. Rep. 406, Doug. 40. In the case of
 
 Sanderson
 
 v.
 
 Baker and Martin,
 
 sheriffs of London and Middlesex, 3 Wilson’s Rep. 317, Nares, Justice, said, “ I have for a long time thought that
 
 trespass
 
 and
 
 imprisonment
 
 will lie against the sheriff foi’ trespass and false imprisonment committed by his bailiff in the execution of process. I know of three actions of trespass against the sheriff in cases of this kind.
 
 Taylor
 
 v.
 
 Johnston,
 
 B. R., tried at Stafford, in 1764, was
 
 imprisonment
 
 against th® sheriff; the writ and warrant was to take the plaintiff i.ij the county of
 
 Worcester,
 
 and the officer took him in. the county of
 
 Stafford
 
 instead of Worcester; there was, a verdict for the plaintiff, although it was objected, that the action did not lie against the sheriff, but only against the bailiff. I remember a similar case before C, J. Wilmot, who was of opinion the action well laid against the sheriff.
 
 *266
 
 I a]so remember a third action of the same bind ; so that in practice it is dear that
 
 imprisonment
 
 lies against the she-r'ff f°r acf- h's bailiff.” Trespass
 
 vi et armis
 
 lies against the sheriff for taking the goods of A. instead of the goods of B., by his bailiff, upon the sheriff’s warrant upon a
 
 fieri facias.
 
 In the above case, Blackstone, Justice, said, that he should have thought the sheriff answerable in an action of trespass
 
 vi et armis
 
 for the act of his officer, although he did not recognize that act. The law looking upon the sheriff and his officers as one person, he is to look to his officers, that they do their duty; for if they transgress, he is answerable to the party injured by such transgression, and his officers are answerable over to him. 2 Keb. 352, is in point. In the case before us, it was within the scope of the powers and duties of the deputy, to go. into the county of Washington to return the writ. And if the debtor had been regularly arrested, the deputy' might either have confined him in the jail of his own county, and returned him in the name of the sheriff
 
 cepi corpus;
 
 or he might have taken the debtor with him to the County Court of Washington, and then and there surrendered him.
 
 Rutherford
 
 v.
 
 Allen,
 
 1 Law Repos. 457. He was acting by colour of his office, when he went into Washington county to return the writ, and then erroneously believed that he had the power, after what had happened, to arrest Jasper anywhere, before the return-day of the writ. The surrender of the debtor, and the return procured to be entered of record by the deputy in the name of the high sheriff, could not be disowned by the high sheriff. Watson, 32. The authorities are clear, that the plaintiff could not by any means have resisted' recovery by Jasper in his action. And as the plaintiff has been damnified by the illegal act of his deputy acting in his official character, it seems to us, that he is entitled to be reimbursed by force of the conditions of the bond sued on. There must be a new trial.
 

 Per Curiam. Judgment reversed.