Ruffin, C. J.
 

 Both of the objections takenby the defendant were, we think, properly over-ruled.
 

 The act of 1794, Rev. St. c. 62, s. 7, provides that warrants from a justice of the peace may be directed as well to the sheriff as a constable;- and, consequently, it is equally the
 
 *146
 
 duty of each of those officers to execute them. By other acts Rev. Stat. c. 24, s. 7, it is made the duty of constables diligently to endeavor to collect all claims put into their hands for collection, and pay over all sums received, either with or without suit; and for the performance of that duty the sureties of constables are made responsible on their bonds. Then follows the act of 1836, Rev. Stat. c. 99, s. 23, which makes it likewise the official duty of a Sheriff to receive claims for collection and diligently to endeavor to collect them and pay them over in like manner as constables were then bound; and for a default therein a remedy is given on his bond. If, therefore, this had been a transaction of himself, instead of his deputy, he would, by the express enactment of the statute, be liable in this action of debt on his bond of office.'. As a general principle, he is, likewise, liable for the act or omission, of his deputy, as for his own. But, besides that, the act in this particular instance expressly includes the receipt of claims by a deputy for collection; and •puts that case on the same footing with a receipt by the principal himself.
 

 The relator neither waived nor abandoned his remedy against the Sheriff, by endeavoring to collect his debt by suit against the other parties to the note. Nothing less than satisfaction from some quarter or'a- release to the Sheriff would be a bar. Indeed, one cause of complaint on the part of the relator is, or might have been, that the defendant or his deputy withheld, destroyed or lost the note, the evidence of the relator’s debt, so that he could' not maintain his action at law thereon, for the'want of sufficient evidence. But even, if in that action he had obtained judgment against the parties, that would not have discharged the defendant. In the recent case of
 
 Pitcher
 
 v
 
 King,
 
 9 A. & E. 288, to a count for a false return of a
 
 fi-fa.
 
 the Sheriff pleaded, that the plaintiff, after the return of the writ, brought debt on the judgment and obtained a second judgment, in which the first was merged,. and, upon demurer, the plea was held to be no answer to the declaration.
 

 Per Ctjbiam. Judgment affirmed.