Gaston, J.
 

 It has1 been questioned’ whether the goods of a testator in the hands of his executor might not be seized, in execution of a judgment against the executor in his own right.
 
 Farr
 
 v Newman, 4 Term 621. We presume that this question- is settled in England, (see Lord Eldon’s remarks 17 Ves. 168-9;) and’ we certainly understand that it is settled in this State, in conformity to the opinion of the majority of the court in the case referred to. But whatever doubts have been entertained on this question, it could never have been supposed that such goods might lawfully be seized in execution for the debt of an administrator
 
 pendente lite.
 
 Generally speaking, an executor or administrator has the property of the-goods of his testator or intestate, although he has such property in
 
 autre droit,
 
 as the minister and dispenser of these goods. By virtue of that property he can sell the goods, and-, except under special circumstances, the goods, after such a sale, cannot be followed by the creditors of the testator or intestate. It was net extraordinary, therefore, that very able Judges should have regarded such a property, with such a power of disposition, as equivalent to absolute
 
 ownership in law,
 
 and therefore rendering the goods liable to seizure under an execution against the proper goods and chattels of the executor or administrator. But an administrator
 
 jiendente Hie
 
 has no power to sell - the goods of the deceased. Indeed it was not until after much controversy and some conflicting decisions, that it was settled that such an' administration
 
 could
 
 be granted pending a controversy about a mill.
 
 Walker
 
 v
 
 Wollaston, 2d
 
 P. Will. 576.
 
 Willis
 
 v
 
 Rich, 2
 
 Atk.
 
 285.
 

 And the ground, upon which validity was allowed to such an appointment, was because of the necessity that there should be a-proper curator of the goods during the dispute,.
 
 *553
 
 The authority of the appointee was limited by this ty. He might, because of this necessity, sell
 
 bona peritura,
 
 but he could sell no others, and he might bring actions to collect debts due, or to-get possession of the effects of the deceased. Thus far he might be deemed to have a property in the goods of the deceased, but in the main he Was a mere bailiff, appointed by the ordinary to hold them for
 
 him,
 
 to whom, on the termination' of the controversy, should be confided the execution of the will or the administration of the estate of the testator or intestate. We entertain, therefore, no doubt but that the seizure and sale of the negro in question by the sheriff’s deputy, under the execution against McElrath and wife, was a tortious act, that McElrath and wife could not themselves have sold the negro, and, therefore, that they could not, by their sanction, either express or implied, legalize or ratify the seizure and sale so unlawfully made by the sheriff’s deputy. For this unlawful disposition of the negro there must be some remedy; and we see no well founded objection to the remedy, which'has been resorted' to by the administrator with the will annexed. It is said in the books, that the interest of an executor in the estate of the deceased, being derived exclusively from the will of the deceased, vests in the executor from the moment of the testator’s death, whereas the title of the administrator being derived altogether from the grant' of the ordinary, the goods of the deceased vest in him only from the time of said grant.— Whether, in respect of relation, there be any difference in the property, which an ordinary administrator, and that which an administrator with the will annexed, (whose office is in most respects identical with that of an executor,) takes' in the goods of the deceased, we need not stop to enquire, because the proposition, that the interest of an administrator does not relate back beyond the grant, must be taken with Some important modifications. Thus it is certain, that, if there has been an unlawful intermeddling with the goods of the deceased after the death of the intestate and before a;
 
 *554
 
 grant of administration, the administrator may maintain trespass or trover therefor, and for this purpose his interest, derived under the letters of administration, shall relate back to the death. And this is allowed by the law, upon the same principle, upon which it permits the ordinary to grant a temporary administration pending a controversy respecting a will — the principle of necessity — to afford protection to the estate oí the deceased. See 1 Wills, on Ex’rs. 396,
 
 etseqa.
 
 There could be no difficulty, therefore, in this case, we suppose, if the conversion complained of had occurred either before the temporary administration was granted, or after it had terminated. Does the circumstance, that it was committed pending that temporary arrangement for the saie-keep-ing of the property, interpose a fatal objection to this action? We think not. That circumstance in no manner changes the nature of the injury done to the property of the testator, and we see not why it should change the nature of the remedy appropriate to the redress of that injury. The plaintiff is not an administrator upon goods not previously administered. He claims the property of the negro, and sues for the conversion of this property, under an original grant of letters of administration with the will annexed of his testator. In these there is no notice taken of the former limited and temporary appointment, and under these he takes “ full power and authority to administer and faithfully dispose of all the goods, chattels and credits of the deceased, according to the tenor and effect of his will.” For every purpose of protecting and securing these goods and chattels from injury, this power relates to the death of the testator. It is not asked to give to this relation an effect which will work harm to any person — to over-rule or set aside any rightful transaction of or with the temporary keepers of these goods— The act complained of was a wrong done to the property of the testator, which has not been redressed, and cannot now be redressed, except at the instance of and in the mode pursued by the plaintiff.
 

 We are also oí, opinion, that, in ascertaining the amount
 
 *555
 
 of damages, which the plaintiff was entitled to recover be* cause of the conversion complained of, it was proper to make no deduction because of the return to McElrath of the surplus remaining of the price of the negro after satisfaction of the judgment. This was returned to McElrath as
 
 his money,
 
 and received by him as such. This money was no part of the assets of the testator’s estate, and could not be made such,-but-as the price of a part of those assets rightfully sold. And we have seen that the sale was altogether wrongful. If McElrath and his wife, or either of them concurred in the sale, he, she or they became
 
 tort feasors
 
 with the ' sheriff and his deputy, and the person wronged may hold any one of the wrong-doers responsible for the injury received, without regard to the distribution made of the gains of the unlawful act among the parties concerned in it. »
 

 It admits of no dispute but that the sheriff was properly held responsible for this wrongful act of his duty. See
 
 Saunderson
 
 v
 
 Baker, 2
 
 Bl. Reps. 832. 3d Wils. 309.—
 
 Woodgate
 
 v
 
 Knatchbull, 2
 
 Term, 148.
 
 Coltraim v McCain.,
 
 3 Dev. 306. We concur entirely, therefore, in the opinion of his Honor upon the case, and would direct the judgment to be affirmed altogether, but that there is an error in that judgment, which has not been noticed by the parties.
 

 The judgment is not only that the plaintiff recover his damages as found by the jury, but also interest upon a part of those damages, as principal money, until it shall be paid.
 

 We have a statute, which authorizes a judgment of this sort to be rendered in actions brought upon
 
 contracts,
 
 but it extends to no others.. Rev. St. ch. 31, sect. 95. The judgment, so far as it gives interest on the damages, is therefore erroneous and must be reversed, -.and a judgment rendered here for the plaintiff, that he recover his damages only and the costs assessed below. For although there be but one judgment below, yet as it consists of several distinct and in
 
 *556
 
 dependent partSj it may be reversed as to that part wherein it is erroneous, and affirmed for the remainder. See
 
 Bellew
 
 v
 
 Aylmer,
 
 1 Stra. 188.
 
 Henriques
 
 v
 
 Dutch West India Company, 2
 
 Stra. 807.
 
 Frederick v Lookup,
 
 4 Bur. 2018.
 

 The defendant is entitled to his costs in this court.
 

 Per Curiam. Judgment accordingly.