Pearsox, J.
 

 The Court charged, — “that the defendants were both responsible for the acts of Exum, it appear
 
 *389
 
 ing, of record, that they both subsequently acquiesced in these acts — Edmundson by the return of the attachment, and Britt, by accepting the return and prosecuting the suit.
 

 There is error, in holding Edmundson responsible for the acts of Exum, and giving to the return this conclusive legal effect. How far the superior is bound by the acts of the deputy is not the question ; but it is, did Exum levy upon the goods of the plaintiff
 
 as the deputy
 
 of Ed' mundson
 
 1
 
 The original return, made by Exum, was a levy by him as constable. The County Court permitted him to amend, so as to make it a return of a levy by Ed-mundson, as sheriff, by Exum his deputy. To this amended return is given the conclusive effect of a record, whereby it is established, that Exum made the levy as deputy, and consequently, that Edmundson is responsible in the same manner as if he had done the act himself.
 

 In what light the question would be viewed, if Exum had been a regular and known deputy, without any other capacity, is not before us. The case states that he was a constable, who sometimes acted as deputy, but only when
 
 specially deputised:
 
 no express deputation is pretended, and, if ho can be made a deputy at all, it must be, as an inference, from the fact of his assuming that character, in making the amended return. This was done after Ed-mundson went out of office, and he is not shown to have had notice of it. How the assumption in a single instance, without the knowledge of the principal, can conclusively establish the character assumed, so as to make the supe* rior liable in trespass, we are.not able to conceive. His Honor, it seems, gave to the return this conclusive effect, by treating it as a record, which imparts absolute verity. He was mistaken in his premises. A record states the acts of the Court itself. The acts of a ministerial officer, as a constable or sheriff, in making returns on warrants and writs, although required by law to be returned into
 
 *390
 
 a Court of record, do not make a part of
 
 the record,
 
 are only
 
 prima facie
 
 taken to be true, and may be contradicted and shown to be false, antedated, &c.
 
 Smith
 
 v.
 
 Low,
 
 5 Ire. 197. If such a return is not conclusive as to the acts, much less is it conclusive as to the character, of the person, who makes it in the name oí a supposed superior.
 

 The amended return, if evidence at all, was
 
 at most
 
 only
 
 prima facie
 
 evidence, that Exum was the deputy, and there are many circumstances tending to rebut it'— he was a constable — never acted as deputy without a special deputation ; he made the levy and the original return as constable, and the order allowing the return to be amended, was vacated by an appeal.
 

 His Honor ought to have submitted
 
 the question to the
 
 jury, and it was error, to hold the fact conclusively established by the record. As the case will be tried again, it is proper to notice an error, on the question of damages. His Honor held, that the damages could not be abated in respect of the regular attachments, levied on the 29th of July, and under which a part of the property was subsequently sold, and the proceeds applied in discharge of the debts sued for. In this there is error. The levy created a
 
 lien
 
 on the property, and authorised the officer to retain an amount sufficient to satisfy the judgments,
 
 without the consent
 
 of the plaintiff, His Honor seems to have confounded this case where there was a lien, with that of an officer who sells under one execution, and claims a right to apply the excess of sales to a note or other debt, upon which there was no judgment, execution and levy — here there was a levy which created a lien. We give no opinion upon the subject of vindictive damages, because the case does not raise the question. The damages were $2,800, they are not stated to be vindictive, and for any thing that is stated, it may be, that this sum was the balance of the value of the goods, after deducting the
 
 *391
 
 sums allowed for the amounts, which, with the consent of the plaintiff, went into the hands of Yass, Williams, and Henry Patterson. These amounts are not given.
 

 Per Curiam. Judgment reversed and
 
 venire de novo.