Ruffiií, C. J.
 

 Although.a sheriff may have trover, or trespass for goods seized in execution, which are taken by another, yet his deputy cannot. The reason why the sheriff has the action, is, that the debtor is discharged and the sheriff becomes liable to the value of ihe goods, and therefore the law vests the property in him;
 
 Wilbraham
 
 v
 
 Snow,
 
 2 Saund. 47. But the law charges the deputy with no du■ty to the creditor. If he make defaults in serving the <*xe-cution, he cannot be sued for it, but his principal* only: On ' the contrary, when he takes goods on execution the sheriff becomes answerable for their value to the creditor, and hence the property vests in the sheriff and not in the deputy. It was suggested that the deputy held as the bailee of the sheriff’, and thus had a special property. He, however, is not a
 
 *20
 
 bailee, in the sense of having a possession of his own, but he is merely the servant of his superior and holds for him. The plaintiff; therefore, has no property in the horse, and cannot have this action.
 

 Per Curiam. Judgment reversed, and
 
 mnire de novo.