PeaesoN, J.
 

 When'the plaintiff put the
 
 fi. fa.
 
 into the hands of the defendant, he had a right to say to him, “ the defendant in this execution, lives just over the line, but, he is in the habit of coming occasionally into this county with his wagon and horses to mill, so .you must see to it, and have the property levied on.” But instead of thus requiring the defendant to discharge his duty as sheriff at his peril, the plaintiff, being anxious no doubt to get his money, and with a view tq assist the sheriff, in having the writ executed, which under the peculiar circumstances, he foresaw might be attended with more trouble than usual, mentioned to the sheriff that Pringle, •who lived in that neighborhood, would be a fit person to do the business as deputy, and after the sheriff had deputed Prin-gle, the plaintiff told him to call on one New, who would let him know when the defendant, in the execution, might come to the mill. The arrangement is carried out, and the wagon and horses are levied on. The plaintiff has nothing further to do in the matter. Pringle makes a return in the defendant’s name as sheriff, in which he accounts for one barrel of flour, but does not account for the wagon and horses, and one of the horses, it is admitted, was the property of the defendant in the execution.
 

 There can be no doubt that Pringle was liable to the defendant as his deputy, and there is as little doubt that he was not liable to the jflaintiff, because there was no privity between them; and if the plaintiff had sued him, the action would have been defeated under the maxim
 
 respondeat superior.
 

 
 *287
 
 As the deputy was so manifestly in default, it will occur to every one as strange',, that the sheriff did not at once hold him responsible for the benefit of the plaintiff. Instead of that, he suffers himself to be sued, and then releases his deputy in order to make a witness of him !!
 

 In the absence of any suggestion of collusion between the plaintiff and defendant’s deputy, or of any suggestion that the plaintiff, in bad faith, recommended to the sheriff a person whom he knew was irresponsible and not fit for a deputy, “ the reason of the thing” certainly is, that the plaintiff should hold the sheriff liable and let him have recourse over against the deputy, notwithstanding the plaintiff had, for sufficient reasons, suggested the name of the deputy, and he was appointed, in the language of his Honor, “ at the special request and nomination” of the plaintiff.
 

 Wo learn upon the argument, that his Honor felt himself bound by the authority of
 
 Demiranda
 
 v.
 
 Dunkin,
 
 4 Term Rep. 119. That was a peculiar case. The Attorney of the creditor applies to the sheriff to deputise the
 
 Attorney's own clerh
 
 to execute the writ, assigning as a reason that the under-sheriff (or regular deputy as we call him) was interested on. the other side. The sheriff, after making several objections, granted a warrant to the Attorney’s own clerk; the debtor was arrested under the
 
 ea. sa.
 
 and escaped, and the plaintiff sought to charge the sheriff for the escape. Lord EjeNyoN, C. J. “ The plaintiffs say because a bailiff, nominated by them at their special request, has misconducted himself, the sheriff shall be answerable for his misconduct.” Bulijsr, J.
 
 “
 
 The plaintiffs have acted wrong throughout“ the application wTas for a favor to indulge the plaintiffs with the nomination of their own bailiff, who, perhaps, suffered the party to escape in order to charge the sheriff, and now the plaintiffs contend that by this contrivance, they are entitled to maintain an action against the sheriff, for the purpose of driving him to bring another action against their own agent.”
 

 Hamilton
 
 v. Dalziel, 2 Black Rep. 952, is to the same effect. Afterwards, in
 
 Taylor
 
 v. Richardson, 8 Term Rep. 505,
 
 *288
 
 where the sheriff had appointed a special bailiff at the instance ■of the plaintiff’s attorney, these cases were cited and much «considered, and the court decide that the sheriff
 
 is Hable.
 
 Lord Kenyon, C. J., said, “ This is very distinguishable from the two cases cited, where probably it was owing to the misconduct of the plaintiff himself that the sheriff did not do his duty.”
 

 Taylor
 
 v.
 
 Richardson
 
 explained
 
 Demiranda
 
 v.
 
 Dunkin
 
 and
 
 Hamilton
 
 v.
 
 Dalziel,
 
 and since then, the law has been considered’settled, that the mere appointment of a deputy, on the nomination of the plaintiff, does not discharge the sheriff from liability, unless there is collusion or a want of good faith in making the nomination. Dalton’s sheriff,
 
 1
 
 Law Lib. 35.
 

 PeR OueiaM. Judgment reversed and
 
 a venwe de novo.