*415
 
 Nash, O. J.
 

 Erancis J. Prentiss was duly elected sheriff of tlie County of Craven, and executed his official hond, with the plaintiffs as his sureties. Prentiss appointed the defendant Thomas, as his deputy, and took from him a bond, with the other defendants as his sureties, for the due discharge of his duties. Among the covenants is the following:
 
 “
 
 So that the said Erancis J. Prentiss shall not, by any act or omission of the said Erancis D. Thomas, become liable, or subject, to any damage, loss or cost.” Claims were put into the hands of the deputy, Thomas, by one Lovick, to a considerable amount, which were collected by him, and appropriated to;: his own use. The plaintiffs are the sureties of the sheriff, Prentiss, upon his official bond, and having been compelled to pay to Lovick the amount received by Thomas, this bill is brought by them to subject Thomas and his sureties to the repayment of the money so by them paid. The sheriff, Pren-tiss, is insolvent.
 

 On the part of the defendants it is objected, that the plaintiffs cannot subject them on their bond, because there is no privity between the plaintiffs and defendants. The deputy sheriff is an officer, strictly speaking, unknown to the law. Ilis acts, as such, are the acts of the sheriff, and in the name of the latter he executes, and returns, all process. The bond he gives, therefore, is not an official bond, but a personal contract between the parties. A sheriff, in most of our counties, cannot personally perform all his official duties, and for his ease, and for the public convenience, he is allowed to appoint as many deputies as he thinks proper. These deputies are his agents, and all their lawful acts are his acts, and all their misfeasances are his misfeasances. The bonds which they give the sheriff are for his protection. Persons who. are injured! by his malversation in office, either in not executing process,, or in appropriating to his own use, monies which come into, his hands by virtue of his appointment, can have no redress, upon his bond, either against him or his sureties. The deputy’s bond to the sheriff is not cumulative. The claim of the plaintiffs, in this case, rests upon a different principle; the
 
 *416
 
 right in Equity of a surety who pays a debt, his principal was bound to pay, to be substituted to his rights. He is also entitled in Equity to the benefit of suck collateral securities as his principal has taken to secure himself. In this case, the plaintiffs were co-sureties on the sheriff’s bond, and though there is no privity between them and the defendants, on the deputy’s bond, yet, they stand so far in that relation to them, that, in a Court of Equity, the doctrine -of substitution or sub-rogation will be applied. And, as between those standing strictly in the relation of co-surities, the doctrine of equality is fully settled. Adams’ Eq. 269-70. And the ground of relief does not stand upon the notion of mutual contract, expressed or implied, between them; but it arises from principles of equity, independently of -contract. 1 Sto. Eq. Jur. p. 472, The duty of exoneration extends to all persons who are within the scope of the equitable obligation. 1 Sto. Eq. Ju. s. 493, 5. The equity of the plaintiffs does not depend upon any contract between them and the defendants, but upon the equity-existing between them and the sheriff, Prentiss, which consists, not only in compelling relief from him, but the right to be subrogated to his place, and to his collateral securities. By the bond of the defendant Thomas, the latter bound himself to indemnify the sheriff, not only against any damage, loss or cost, arising from any aet, -or omission of his, the defendant Thomas; but further, that he should not become
 
 liable
 
 or
 
 subject
 
 to any loss, damage or cost, accruing for any act or omission. How, there can be no doubt that, upon the failure of the defendant Thomas, to pay to Lovick the money collected for him, a right of action, under the covenant recited, accrued to the sheriff; it was an “ omission” on the part of Thomas, which amounted to abroach of' his bond ; because he, the sheriff, became
 
 liable
 
 to pay the amount to Lo-vick, and
 
 subject
 
 to a suit on his official bond. The plaintiffs who have paid the debt due to Lovick, as the sureties of the sheriff, have a right to be subrogated in this Court, to his rights against the defendants, and to a decree for all the monies paid by them to Lovick, as sureties of the sheriff, deduct-
 
 *417
 
 íhg all just credits to which Thomas may be entitled against the sheriff.
 

 It is objected by the-defendants, that persons are made plaintiffs who have no interest in the controversy. All the-sureties on the sheriff’s bond are- complainants; whereas the claim of Lovick was paid by Hiram Brinson and Samuel Mastín; they, therefore, are- the- parties immediately interested in the claim now brought forward against Thomas. The other plaintiffs are also interested; for, if the debt should not he made out of the defendants, they will he liable for contribution.
 

 The case must be referred to the master, to take an account of the money paid- by the plaintiffs Brinson and Mastín, to Lovick, as sureties on the official bond of the sheriff;, and, in taking the account, the master will allow the defendants all just credits against the sheriff.
 

 PeR Gdbiam.. Declare accordingly.-