Manly,
 
 J.
 

 Iiis Elonor, below, was correct in holding there could be no compulsory reference for an account between the parties to,this suit, under the provisions of the Revised Code, chap. 31, section 111. That section authorises a reference in suits against executors, administrators and guardians, or upon the bonds of sheriffs or other public officers.
 

 The deputy sheriff is not a public officer within the purview of this section. He is not appointed by the public, nor by virtue of any special public authority. He does not give a bond to which the public can resort; nor is he amenable to them, for his defaults. There is no method of induction or oath of office prescribed. His appointment is made by the sheriff, by virtue of the general legal power in all ministerial officers of deputing their powers, and arises out of the necessity, in his particular case, of having deputies. They are responsible to him and he to the public. They give bond and are appointed and dismissed by him at pleasure. He would seem, therefore, to be no more than an agent or servant of the sheriff;
 
 Hampton
 
 v. Brown, 13 Ire. 18. The term, “deputy,” implies this, and no more; for its definition is, one who is “ appointed, designated or deputed to act for another.” Tomlin defines it “ one who exercises an office, &c., in another’s right, having no interest therein, but doing^all things in his principal’s name, and for whose misconduct the principal is answerable.” Whereas,
 
 office,
 
 clearly embraces the idea of tenure in one’s own right, andjwWie
 
 office
 
 is tenure by virtue of an appointment, conferred by public authority.
 

 There is no error in the Court below, and this opinion will be certified to the Court, to the end, that it may proceed.
 

 We have had some doubt as to whether this case is rightfully before us. It is an appeal from the judgment of the Su
 
 *64
 
 pcrior' Court declining to make an interloeu-ty order, no special leave from the Court appearing upon the record, while the whole record seems to be certified as in case of a judgment disposing of the entire cause. As no objection to- this has been taken here, we assume that the appeal has been brought up by leave and take jurisdiction of the question presented— calling- the attention of the ele-rks below to- the- Revised Code, chapter 4-, sec. 23-, 24.
 

 Per Curiam,
 

 Judgment affirmed.