Manky, J.
 

 Two exceptions were taken on the trial below to the rulings of the Court, neither, of which can avail the appellant.
 

 No particular formalities are prescribed by law for the.execution of the sheriff’s bond. If a bond, executed according to the requirements of the common law, be accepted by the court, and the sheriff thereupon inducted into or continued in office, the bond is obligatory on the parties, although the dntjr of tire court to have it acknowledged and recorded, be omitted. The ceremony of acknowledgement, in open court, and the recording of the bond, are important provisions of law for authenticating the execution of the instrument, and preserving evidence of its existence and contents, but-are not essential to its validity as an office bond. See Eevised Code, ch. 105, sec. 13, and ch. 44, sec 8. The signing, sealing and delivering of the bond, according to the requirements of the common law, were proved upon the trial. It is nowhere provided that registration is necessary to make it admissible in evidence, and whether, therefore, it was a bond taken if conformity with the statute, seems not to have been material.
 
 *447
 
 It was admissible and obligatory between the parties as a common law bond, and no rule of law appertaining to an action' upon it, as such, has been violated. So, in whatsoever character it be regarded, no error has been committed to the prejudice of the defendant. :
 

 We fully concur with his Honor below in the view he took of the question of laches. It seems, from the statement of the case, that the debtor, Boyd, had sufficient means to satisfy the demand, down to the time of making a general assignment ; viz. on the 27th of February, 1857; the claim was put into the hands of the defendant’s deputy on the 4th of December, 1856. The deputy, with a view or executing process, on the debtor, visited his place of residence on the 15th of December, and on two other occasions, between that and the 27th of February, 1857, but failed to find him at home on any of the occasions. The debtor resided in Eichmond, but had three other places of business in adjoining counties, and spent the greater part of his time away from his place of residence. It does not appear that the officer made any effort to find the debtor, except the three visits stated, and no process was ever executed, nor other means used to collect the debt from the 4th of December to the 27th of February, a period of nearly three months. This was not ordinary care and diligence!*— For aught that appears, in the facts of the case, due care and watchfulness, would have secured a different result.
 

 Per Curiam,
 

 Judgment affirmed.