Wilkerson v. Dennison.

MRS. MARY J. WILKERSON *v.* P. J. DENNISON *et al.*

(*Jackson.* April Term, 1904).

1. **ACKNOWLEDGMENT.** Privy examination of a married woman taken before deputy, with certificate made by him in name of principal clerk of the county court, is valid.

The acknowledgment and privy examination of a married woman properly taken before a deputy clerk of the county court, in the absence of her principal, where the certificate is made, by the deputy, in the name of the principal clerk of the county court, whose name is signed thereto by the deputy, though the deputy's name nowhere appears in the certificate and is not attached to it, is valid.

Code cited and construed: Secs. 3679, 3713, 5865, subsec. 4 (S.); secs. 2819, 2825, 4826, subsec. 4 (M. & V.); secs. 2012, 2039, 4050, subsec. 4 (T. & S. and 1858).

Cases cited and approved: Tallbott v. Hooser, 12 Bush, 414; Triplett, etc., v. Gill., etc., 7 J. J. Marsh, 438; Commonwealth v. Arnold, 3 Litt., 316.

2. **SAME.** Acknowledgment before deputy clerk of the county court, with certificate in his own name, is valid.

Acknowledgment or probate taken before a deputy clerk of the county court, with the certificate made and signed by him in his own name; without the name of his principal appearing therein, is valid. (*Post, pp.* 239-242.)

Cases cited and approved: Martin v. Porter, 4 Heis., 413; Beaumont v. Yeatman, 8 Hum., 542; Tipton v. Jones, 10 Heis., 565.

3. **DEPUTIES.** Clerks of county courts may appoint deputies clothed with all the powers of themselves.

Clerks of county courts are authorized to appoint deputies who are vested with all the powers and authority of the principal

Wilkerson v. Dennison.

clerks, and whose acts are the acts of the principal clerks by their lawfully appointed agents. (*Post, p.* 239.)

Code cited and construed: Secs. 3679, 3713, 5865, subsec. 4 (S.); secs. 2819, 2825, 4826, subsec. 4 (M. & V.); secs. 2012, 2039, 4050, subsec. 4 (T. & S. and 1858).

FROM HENDERSON.

Appeal from the Chancery Court of Henderson County.—A. G. HAWKINS, Chancellor.

W. M. TAYLOR and D. E. SCOTT, for complainant.

J. T. HAYES and T. A. LANCASTER, for defendants.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

Complainant attacks a deed made by her husband, when in life, and herself, conveying certain lands of the former, upon the ground that it has no valid certificate of her privy examination annexed and registered.

The relief sought is a recovery of homestead.

It is admitted that the privy examination was taken by S. E. Murray, the legally appointed deputy of D. A. Griggs, clerk of the county court of Henderson county, and that he made and appended to the deed a certificate in proper form, save that it recites that the examination

was taken by D. A. Griggs, county clerk, and purports to have been signed by him officially in his own proper person, and this is the ground of the attack. It is said that, the examination having been taken by S. E. Murray in the absence of his principal, the certificate should have been made in his name as deputy clerk, and so signed by him, and, having been made in the name of the clerk, and attested by his signature, it is void.

Clerks of the county courts of this State are authorized to appoint deputies with full power to transact all the business of such clerks. Code 1858, section 4050, subsec. 4 (Shannon's Ed., section 5865).

Deputies appointed under this statute are vested with all the powers and authority of principal clerks.

This court construing this section in *Martin* v. *Porter,* 4 Heisk., 413, said:

"The power to appoint a deputy necessarily involves the idea that he shall act in the place of and for the regular clerk, and exercise the same powers; the acts of the deputy being the acts of the principal clerk by his lawfully appointed agent."

The statute providing for the authentication of instruments for registration authorizes the acknowledgment, which includes privy examination, to be made by the persons executing them who reside or are within the State, before the clerk, or his legally appointed deputy, of any county court of the State. Code 1858, section 2039 (Shannon's Ed., section 3713).

There can be no doubt but that under both of the

sections of the Code referred to a legally appointed deputy of a clerk of the county court is authorized to take the privy examination of a married woman to a conveyance of her real estate, and the only open question is whether or not the certificate which is required to be made of the examination shall show that it was made and signed by him as such deputy, or made in the name of the principal and authenticated by his signature.

There is nothing in either of these sections directing the course to be pursued, and the question must be determined upon principle.

Mr. Mechem, in his work upon Public Officers, section 585, has very clearly stated the law upon the subject in these words:

"The question in whose name a deputy officer should act is one of much importance and of considerable apparent uncertainty. The conflict in the cases is, however, believed to be more apparent than real, and to be readily settled by reference to principles already considered.

"In several of the States the authority to act in an official capacity is given to the principal alone, or, if the appointment of deputies is recognized or authorized by law, they are regarded as the mere private agents or servants of the principal, and not as independent public officers deriving independent authority from the law. Where such is the case, the authority exercised by the deputy is manifestly a derivative and subsidiary one—it is the authority conferred upon the principal, and not

Wilkerson v. Dennison.

an authority inherent in the deputy. It follows then, logically and legally, that the authority should be exercised in the name of him in whom it exists, and not in his name, who of himself has no recognized authority at all. The execution should, therefore, be in the name of the principal alone or in the name of the principal by the deputy.

"In other States, as has been seen, the deputy is recognized as an independent public officer, and is endowed by law with authority to do any act which his principal might do. In these cases, where the authority exists in the deputy himself by operation of law, and is not derived solely through the principal, it is well executed in the name of him in whom it exists, the deputy himself.

"Under either state of facts the authority of a special deputy, who, as has been seen, is regarded as the mere private agent or servant of the principal, would, unless otherwise provided by statute, be properly exercised in the name of the principal."

We are of the opinion that deputy clerks of the county courts of this State are authorized to take and certify the acknowledgment of deeds in both the names of their principals and themselves as deputies. The authority to do so in the name of their principals is conferred by section 4050, supra, vesting in them all the powers of principal clerks; and section 2039, supra, confers upon them in their official capacity as deputies the authority independent of that derived from the principal clerks.

113 Tenn—16

This last was held by this court in the case of *Beaumont* v. *Yeatman,* 8 Humph., 542, where an acknowledgment or probate made and signed by a deputy clerk in his own name, that of the principal nowhere appearing, was held valid, and the deed properly authenticated for regitration; and this was also reaffirmed in the later case of *Tipton* v. *Jones,* 10 Heisk., 565.

We have no reported case in this State in which the validity of an acknowledgment taken and certified by a deputy in the name of his principal, like the one here involved, has been called in question. It is true that Judge Turley, in the case of *Beaumont* v. *Yeatman,* above referred to, does state that certificates of acknowledgments should be made by and in the name of the officer taking the acknowledgments, but the question we now have for decision was not involved there, and this statement was mere dictum.

This precise question arose in the case of *Talbott* v. *Hooser,* 12 Bush, 414. The acknowledgment to the deed challenged in that case was taken by R .E. Harrison, the deputy, and the certificate was written so as to show that the maker of the conveyance acknowledged the execution of it before B. M. Harrison, the clerk of the court whose signature also appeared to it, as if it had been signed by himself. These were admitted facts. The contention of complainant was that the certificate was not the act of B. M. Harrison, because he did not take the acknowledgment or make the certificate; and that it was not that of R. E. Harrison, the deputy, since it did not appear to be made by him, and he did not sign it.

The court, in holding the certificate valid, said:

"The deputy 'is but the officer's shadow, and doth all things in the name of the officer himself, and nothing in his own name, and his grantor (principal) shall answer for him' (3 Kent, 458) ; and in *Triplett, etc.,* v. *Gill, etc.,* 7 J. J. Marsh., 438, and *Commonwealth* v. *Arnold,* 3. Litt., 316, this court held that a deputy had a right to sign his principal's name, and in the latter case that a deputy appointed merely by parol had such authority.

"Whatever official act is done by a deputy should be done in the name of his principal, and not in the name of the deputy. The authority given by law to a ministerial officer is given to the incumbent of the office. Authority is not given to the deputy, but to the principal, and is exercised by the principal either by himself or his deputy; so that, whether the deed was acknowledged before B. M. Harrison in proper person or before R. E. Harrison, it was, in contemplation of law, acknowledged before the former in his official capacity; and it was not only lawful, but entirely proper, that the body of the certificate should read precisely as if the clerk in proper person had taken and certified the acknowledgment, the only irregularity being that the deputy omitted, after signing his principal's name, to add, 'By R. E. Harrison, D. C.'

"The certificate being regular and valid on its face, Mrs. Talbott sought to avoid it by proving that it was not in fact signed by the principal clerk, and in doing

so she proved that it was written and the clerk's name signed by R. E. Harrison, and, he being a deputy authorized by law to sign his principal's name, the evidence offered to show the certificate illegal because B. M. Harrison did not affix his signature to it, shows it to be valid because his name was signed by an authorized deputy."

The authority of a deputy of a public officer is also somewhat similar to that of a private agent, who, it is well settled, may contract in the name of his principal, signing it alone without any reference whatever to himself. Mechem on Agency, sections 428, 429, 433, 434.

Contracts in certain cases are also authorized by statute in this State to be executed by an agent in the name of his principal alone. Code 1858, section 2012 (Shannon's Ed., section 3679).

The act of the officer taking the acknowledgment, notwithstanding what has been said in some later cases of its judicial nature, is largely ministerial, as held by Judge Turley in the case of *Beaumont* v. *Yeatman,* and there is no sound reason why the record of it may not be made by the agent in the name of his principal, as may be done in the performance of nearly all other acts by agents for principals.

This holding is also in accordance with the policy of the law to uphold the probates of conveyances, and when the laws regulating them have been substantially complied with, and there is no suspicion of unfairness or fraud. Complainant admits in her bill that she executed the conveyance with full knowledge of its provis-

Wilkerson v. Dennison.

ion, and that her privy examination was properly taken by an officer authorized by law to take it; her sole complaint being, as she claims, that a proper record or certificate of the examination was not made.

The result is that the privy examination annexed to the deed in question is valid, and the deed effective to convey the interest which complainant had in the premises therein described.

The decree of the chancellor holding to the contrary is therefore reversed, and the bill dismissed, with costs.