DOLLY O. STYERS v. FORSYTH COUNTY ET AL.

(Filed 15 December, 1937.)

1. **Sheriffs § 2—Ch. 451, Public-Local Laws of 1929, held to give county commissioners authority only over deputies placed on salary basis.**

Ch. 451, Public-Local Laws of 1929, giving the county commissioners of Forsyth County certain authority over deputies sheriff, applies only to deputies placed on a salary basis under the discretionary power given the commissioners by the act, and the power to discharge deputies given by sec. 6 of the act refers only to deputies placed on a salary basis by the commissioners, and the county commissioners exercise no control or supervision over fee deputies, who are appointed by, and act for, the sheriff, and whose only official connection with the county is through the sheriff.

2. **Statutes § 5a—**

The title of an act may be called in aid of its construction.

3. **Master and Servant § 38—Deputies sheriff are not employees of the county within the meaning of the Compensation Act.**

Deputies sheriff are not employees of the county within the meaning of the North Carolina Workmen's Compensation Act as the office of deputy sheriff is constituted under the general laws of the State, and ch. 451,

Public-Local Laws of 1929, does not apply to fee deputies in Forsyth County, and has no bearing upon the question of whether such fee deputies are employees of the county. As to whether deputies placed upon a salary under provision of ch. 451, Public-Local Laws of 1929, are employees of the county within the meaning of the Compensation Act, *quære*.

4. **Sheriffs § 2—Deputy sheriff is appointee of sheriff and acts in his stead in ministerial matters, and is not agent or employee.**

A deputy sheriff holds office as an appointee of the sheriff, and acts in his name and stead in ministerial matters, and the law casts responsibility on the sheriff for the acts of his deputy in the same manner as if the sheriff had officially performed the acts, and a deputy holds an appointment as distinguished from an employment, and is neither an employee nor an agent of the sheriff. The cases referring to a deputy as an "agent" or "employee" of the sheriff distinguished in that those cases should be interpreted with reference to the question of law therein presented as to the liability of the sheriff to third persons injured by the acts or omissions of a deputy.

5. **Master and Servant § 38—**

A deputy sheriff is not an employee of the sheriff within the meaning of the North Carolina Workmen's Compensation Act.

DEVIN, J., dissenting.

CLARKSON, J., concurs in dissent.

SCHENCK, J., concurs in dissent in part.

APPEAL by plaintiff from *Hill, Special Judge,* at March Term, 1936, of FORSYTH.

Proceeding under Workmen's Compensation Act to determine liability of defendants to dependents or next of kin of Jessie J. Styers, deceased deputy sheriff.

The hearing Commissioner made findings which were later adopted and approved by the Full Commission. In summary they are:

1. The deceased, Jessie J. Styers, sustained an injury by accident on 2 October, 1934, which resulted in his death, and at the time of the accident he was engaged in the performance of his duties as a deputy sheriff.

2. The deceased left as dependents his widow, claimant herein, and one son.

3. The provisions of ch. 451, Public-Local Laws 1929, entitled "An act authorizing the placing of all deputies sheriff in Forsyth County on a salary basis," are set out and made a part of the findings. Under this act the commissioners of Forsyth County are authorized to place the deputies sheriff of said county on a salary basis, and effective contemporaneously with such determination, following discussion and consideration with the sheriff, "to employ and to discharge deputies sheriff." In section 6 of the act the commissioners are authorized and empowered in

their discretion, after consultation with the sheriff, "to discharge any deputy sheriff of the county at any time without prior notice."

4. The deceased was not placed on a salary by the county commissioners and they exercise no control over him. He was appointed by the sheriff and worked on a fee basis. He was not an employee of Forsyth County.

5. The defendant, J. Transou Scott, sheriff, had more than five regular employees in the form of fee deputies, and the said sheriff had not rejected the provisions of the Workmen's Compensation Act. The deceased was an employee of the sheriff, and the injury by accident, which resulted in his death, arose out of and in the course of his employment.

Upon these findings compensation was awarded the plaintiff as against J. Transou Scott, sheriff, and denied as against Forsyth County and its insurance carrier, the Maryland Casualty Company.

On appeal to the Superior Court it was held that the deceased was not an employee of either defendant, and that the claimant was not entitled to compensation under the act.

From the judgment of the Superior Court the claimant appeals, assigning errors.

*Elledge & Wells for plaintiff, appellant.*
*Hutchins & Parker for defendant Forsyth County, appellee.*
*Ratcliff, Hudson & Ferrell for defendant sheriff, appellee.*
*W. C. Ginter for defendant Casualty Co., appellee.*

STACY, C. J. The first question for decision is whether plaintiff's intestate at the time of his injury and death was an employee of Forsyth County, engaged in compensable work within the meaning of the Workmen's Compensation Act.

The pertinent findings of the hearing Commissioner, which were later approved by the Full Commission, follow:

"It is argued that by virtue of said ch. 451, Public-Local Laws of 1929, the deputies sheriff of Forsyth County are 'fully subject to the county commissioners.' We cannot so find. It is true that the county commissioners are authorized in their discretion to place the deputies sheriff on a salary basis and that contemporaneously with such action said chapter clothes the commissioners with the power to appoint and to discharge deputies sheriff. The evidence is that the deceased was appointed by the sheriff, that he worked on a fee basis, and there is no evidence that the county commissioners exercised any control over him. We find as a fact that the county commissioners never placed the deceased upon a salary basis and that he was not subject to discharge by them. For the reasons stated it is further found as a fact that the deceased was not an employee of Forsyth County."

Upon a review of the case the Full Commission concluded:

"We also agree with the conclusions of law of Commissioner Wilson in which he decides that Forsyth County and the insurance carrier, Maryland Casualty Company, are not liable for compensation in this case.

"The special act refers to Forsyth County, ch. 451, Public-Local Laws of 1929, relates entirely to deputies sheriff who are placed on a full time salary basis. As to these deputies the county is authorized and empowered to employ and to discharge them. It is true that in section 6 of the act the commissioners are authorized and empowered in their discretion to discharge any deputy sheriff of the county at any time without prior notice. It is our opinion that this section, construed with the act as a whole, would be limited to those deputies who were placed by the commissioners on a full time salary basis. This is the main subject matter of the act and of which it deals in details in other sections thereof."

The foregoing is correct, as the legislation in question deals only with salaried deputies, and makes no reference to fee deputies: Indeed, the title of the act, which may be called in aid of construction (*Freight Discrimination Cases,* 95 N. C., 434), is indicative of its purpose: "An act authorizing the placing of all deputies sheriff in Forsyth County on a salary basis." Those not placed upon a salary basis remain fee deputies, unaffected by the statute. This act, then, may be put aside as inapplicable. It has no bearing upon the case. The deceased did not come within its terms any more than other fee deputies appointed by the sheriff. It was not intended to cover such deputies. The commissioners exercise no control or supervision over fee deputies. This belongs exclusively to the sheriff. Nor was it intended by sec. 6 of the local act in question to confer authority upon the commissioners in their discretion to discharge such deputies. They are appointed by and act for the sheriff, who alone is responsible for their conduct. They have no official connection with the county except through the sheriff.

It is conceded that the deceased was not an employee of the county within the meaning of the Workmen's Compensation Act, unless made so by this special legislation. *Saunders v. Allen,* 208 N. C., 189, 179 S. E., 745.

In a well considered opinion in *Board of Supervisors v. Lucas,* 142 Va., 84, it was held (as stated in the 7th headnote, which accurately digests the opinion): "A deputy sheriff or special officer appointed by a sheriff fails to come within the purview of the Workmen's Compensation Act as an employee of the county, because there is no contract of hire, express or implied, between him and the county. It would also seem that he would be excluded on the ground that the duties of a deputy

sheriff are not in the usual course of the trade or business of the county or its governing body."

The law as declared in Virginia is accordant with our own decisions. *Saunders v. Allen, supra; Hollowell v. Department of Conservation and Development,* 206 N. C., 206, 173 S. E., 603. It follows, therefore, that liability was properly denied as against the county and its insurance carrier. On the argument it was stated that, in fixing the insurance rate for the county, fee deputies were not reported as basis for premium.

The second question presented for decision is whether plaintiff's intestate at the time of his injury and death was an employee of the sheriff within the meaning of the Workmen's Compensation Act. The answer to this question was adumbrated in *Starling v. Morris,* 202 N. C., 564, 163 S. E., 584, and later given in *Borders v. Cline, ante,* 472.

The status of a fee deputy in this jurisdiction is that of a ministerial officer—an "arm" or "hand" of the sheriff—who acts for the sheriff in ministerial matters in his name and stead. 22 R. C. L., 582. "A deputy is usually defined to be one who, by appointment, exercises an office in another's right." *Piland v. Taylor,* 113 N. C., 1, 18 S. E., 70. Consequently it has been held that upon the insanity of the sheriff his deputy can no longer act. *Somers v. Comrs.,* 123 N. C., 582, 31 S. E., 873.

It is true that in some of the cases a deputy is loosely spoken of as an "employee of the sheriff" or as an "agent of the sheriff," but the designation is inexact, and is not to be found in those cases dealing with his precise status. *Lanier v. Greenville,* 174 N. C., 311, 93 S. E., 850; *Cansler v. Penland,* 125 N. C., 578, 34 S. E., 683; *Patterson v. Britt,* 33 N. C., 383. Compare *R. R. v. Fisher,* 109 N. C., 1, 13 S. E., 698. In the cases where such appellation appears the court was concerned with the liability of the sheriff for some act or dereliction of his deputy, and not with the precise principle—agency, identity, or responsibility cast by law—upon which liability should be made to depend, for the application of any one of these principles would produce the same result in an action by the injured third person. See *Hanie v. Penland,* 194 N. C., 234, 139 S. E., 380, and *R. R. v. Fisher, supra.* The relation existing between the sheriff and his deputy, upon which liability for compensation depends, was not in mind or considered. 'Tis well again, perhaps, to observe the oft-repeated admonition that every expression, to be correctly understood, ought to be considered with a view to the circumstances of its use. *Heyer v. Bulluck,* 210 N. C., 321, 186 S. E., 356. And as said by *Marshall, C. J.,* in *U. S. v. Burr,* 4 Cranch 470: "Every opinion, to be correctly understood, ought to be considered with a view to the case in which it was delivered."

As between the injured party and the sheriff, there is a choice of theories, equally efficacious, and all leading to liability. But when we come to consider the responsibility of the sheriff to his deputy a different question is presented. This calls for a reconsideration of the former decisions before they can be regarded as precedents in a case. like the present where the correctness of the theory upon which they are predicated is to be determined. Instead of controlling precedents, forsooth some are found to be only inns for the night, good enough for the time and purpose, but the law, like the traveler, was up and moving on the morrow.

For example, it is suggested that *Willis v. Melvin,* 53 N. C., 62 (December Term, 1860), and *S. v. Alston,* 127 N. C., 518, 37 S. E., 137 (September Term, 1900), are in conflict, and, at first blush, they may seem to be. The holding in the former was that a deputy sheriff is not a "public officer" within the meaning of the reference statute, Rev. Code, ch. 31, sec. 114, while the pronouncement in the latter was that the defendant who resisted a deputy tax collector of an ex-sheriff with tax list in his hands was guilty of resisting and obstructing a "public officer." The supposed conflict, however, is more fanciful than real for, in fact, the two cases are consistent, when viewed in the light of the true character of a deputy who acts authoritatively only as the sheriff's representative. The first was an action by the sheriff against his deputy; the second a criminal prosecution.

"The deputy is not the agent or servant of the sheriff but is his representative, and the sheriff is liable for his acts as if they had been done by himself." *Waste, J.,* in *Michel v. Smith,* 188 Cal., 199, 205 Pac., 113.

In *Flanagan v. Hoyt,* 36 Vt., 563, 86 Am. Dec., 657, it was held that acts of a deputy are not to be regarded as acts of the sheriff in the sense of either agency or identity, but rather in the sense of official responsibility cast by law upon the sheriff for the acts of his deputy.

Speaking directly to the point, *Barrett, J.,* delivering the opinion of the Court, said:

"It is claimed that all official acts by the deputy are to be regarded as done by the sheriff to the same·intent, and to every legal effect, as if done by the sheriff himself—in other words, that the deputy is but the agent or instrument by which the sheriff ·acts, and has no independent status and functions. We are mindful of what has been held and said in *Johnson v. Edson,* 2 Aiken, 299; *Davis v. Miller,* 1 Vt., ·9; *Bliss v. Stevens,* 4 Id., 88, and *Ayer v. Jameson,* 9 Id., 363, and though no practical inconvenience or injury would seem likely to result from the view therein taken and expressed, as to the relation existing between the sheriff and his deputy, if confined to cases of a similar kind, it still

seems to us that it would have been as well, even in those cases, to have adopted a different view, and one that could have been practically acted upon in all cases without incongruity, and without resulting in embarrassment or injury in any.

"Without undertaking to overrule the view expressed in those cases, as applied and acted upon in them, we think the truer and more legitimate view is that while in a certain sense the acts of the deputy are to be regarded as the acts of the sheriff, yet not in the sense of either agency or identity, but rather in the sense of official relation and of responsibility cast by law upon the sheriff for the acts of his deputy, not in the sense that what the deputy does is done by the sheriff, but that for what he does the sheriff is made responsible, the same as if he had officially done the same thing."

Again, in *Rich v. Graybar Electric Co.,* 125 Tex., 470, 84 S. W. (2d). 708, 102 A. L. R., 171, it is held: "The liability of a sheriff or constable for the official acts of a deputy is not based upon the doctrine of *respondeat superior,* but on the fact that the deputy is his representative for whose acts he is liable as if they had been done by himself."

Likewise, in *Kusah v. McCorkle,* 100 Wash., 318, the whole matter is summed up in a single pithy sentence: "The acts or omissions of Gifford as deputy were the acts or omissions of McCorkle as sheriff."

Under our law a deputy is authorized to act only in ministerial matters, and in respect of these matters he acts as vice principal or *alter ego* of the sheriff, for the sheriff "and his deputy are, in contemplation of law, one person." *R. R. v. Fisher, supra; Willis v. Melvin, supra.* "Hence it is that, although a sheriff in some of his duties is a judicial officer, and as such may not act by deputy, yet in the main his duties are merely ministerial, and as to such it is implied, when not so provided by statute, that he may act by a substitute"—*Dillard, J.,* in *Yeargin v. Siler,* 83 N. C., 348. The acts of the deputy are acts of the sheriff. *Horne v. Allen,* 27 N. C., 36; *Hampton v. Brown,* 35 N. C., 18; *S. v. Alston, supra.* For this reason the sheriff is held liable on his official bond for acts of his deputy. *S. v. Roane,* 24 N. C., 144; *McLean v. Buchanan,* 53 N. C., 444; *Spencer v. Moore,* 19 N. C., 264; *S. v. Moore,* 19 Mo., 369, 61 Am. Dec., 563; *Brinson v. Thomas,* 55 N. C., 414, 67 Am. Dec., 224. "A sheriff is liable for the acts or omissions of his deputy as he is for his own." *Sutton v. Williams,* 199 N. C., 546, 155 S. E., 160. In short, a deputy is a lieutenant, the sheriff's right-hand man, whose duties are coequal in importance with those of his chief. One who represents the high sheriff of the county in the capacity of deputy occupies no mean place. To call him an under-sheriff, as he is referred to in some of the cases, is more nearly correct than to style him an employee. He holds an appointment as distinguished from an employ-

ment. Such was his status at common law. I Blackstone's Commentaries, 343; *South v. Maryland, Etc.,* 95 U. S., 396; *Wilkerson v. Dennison,* 113 Tenn., 237, 80 S. W., 765, 106 A. S. R., 821, and note, 3 Ann. Cas., 297, and note. ' Such is his status now. *Borders v. Cline, supra; Biehn v. Bannick,* 166 Wash., 465; *Clement v. Dunn,* 114 Cal. App., 60; *Price v. Pace,* 50 Idaho, 353; 24 R. C. L., 979; 57 C. J., 731.

The responsibility of a sheriff for the acts of his deputy, done *colore officii,* rests upon the principle that "the hand that does or procures the act is liable." *Coltraine v. McCain,* 14 N. C., 308, 24 Am. Dec., 256; *Satterwhite v. Carson,* 25 N. C., 549; *Martin v. Martin,* 47 N. C., 285; 22 R. C. L., 586. "If there be a nonfeasance or neglect of duty by the under-sheriff, the sheriff alone is responsible to the party injured, and the default is a matter to be settled between the sheriff and the under-sheriff." *Lyle v. Wilson,* 26 N. C., 226. See *Willis v. Melvin, supra.* Whether this responsibility has been shifted to the county in the case of salaried deputies, we make no decision as the question is not presently before us. No doubt the proper authorities have considered the matter.

On the whole, it is concluded that the judgment of the Superior Court is correct and that it should be upheld.

Affirmed.

DEVIN, J., dissenting: A careful consideration of this case leads me to the conclusion that by virtue of ch. 451, Public-Local Laws of 1929 (applicable only to Forsyth County), the status of a deputy sheriff as an employee of the county is thereby recognized and established, since by sec. 6 of the act express authority is given the county with reference to fee as well as salaried deputies. The statutory definitions of "employee," "employer," and "employment" are comprehensive enough to include the service of a deputy sheriff. Certainly the uncontroverted facts establish that the deceased deputy sheriff, Jessie J. Styers, serving under appointment by the sheriff, lost his life while engaged in serving papers for the county of Forsyth for which the county would have had to pay him, and it was found as a fact by the Industrial Commission that the injury resulting in his death arose out of and in the course of his employment, if he were at the time an employee of the county or the sheriff.

The holding of this Court that the deputy sheriff is an employee neither of the county nor the sheriff leaves his employment status as a species of *nullius filius*—he is employed by nobody—yet he serves.

I am authorized to say that *Clarkson, J.,* concurs in this dissenting opinion, and that *Schenck, J.,* concurs in dissent from that part of the majority opinion which holds that the deputy is not an employee of the sheriff.