## State *v*. John Kennedy.

*Intoxicating Liquor. Complaint. Amendment.*

A complaint for selling liquor in violation of the statute, which alleges that the sale was upon a day and month named, and at divers other times, but omits to state the year, is bad for uncertainty in time.

And the allegation of a former conviction, without stating the time of the conviction, is also held defective.

A complaint must be amended, if at all, before the case passes to the supreme court, (§ 30, ch. 94, G. S. p. 599).

Complaint for a violation of the law prohibiting the sale of intoxicating liquor. The complaint alleged that the respondent "on the 30th day of August and at divers other times, did sell," &c., and also alleged a former conviction in 1863, but omitted to state the month and day. The respondent demurred to the complaint, but the court, September Term, 1863, Pierpoint, J., presiding, overruled the demurrer and adjudged the complaint sufficient, to which the respondent excepted.

*Jeremiah French*, for the respondent.

*Russel S. Taft*, State's Attorney, for the State.

ALDIS, J.   There can be no question but that the complaint is bad in not alleging with certainty the time when the offence was committed.   The act charged may have been committed when it was not a criminal offence.   The allegation as to the former conviction is also clearly defective.   G. S. p. 597, § 28.

The counsel for the State moves to amend under section 30 of chapter 94 of the General Statutes, which provides that defects of form or substance may be amended before or on trial by the court before which the same is pending.

We do not say that the case may not be considered as on trial and pending before us, and that we have no power to amend. But it is very obvious that such a defect ought to be amended at once in the county court.   It is a great hardship on a respondent to compel him to come to the supreme court to settle a question of this character,—a plain error and easily amendable,—when on motion in the county court it would be corrected without expense or delay.   As a matter of discretion therefore—to speed the administration of justice and prevent expense both to the respondent and the State—and to establish a reasonable precedent in like cases we refuse the motion.

Judgment reversed and the complaint adjudged insufficient.