### STATE v. JAMES A. STONE.

*Maintaining a Nuisance contrary to R. L. s. 3836——Liquor Law. Demurrer.*

A complaint, under the R. L , s. 3836, alleging that the respondent kept and maintained a bar-room, in which intoxicating liquors were unlawfully sold, without any averment, that it was "used as a place of resort," is insufficient ; but it is amendable, although no motion was made to amend until the case reached the Supreme Court.

THIS was a prosecution for keeping and maintaining a nuisance, brought before the City Court of the city of Burlington, December 19, 1881. Heard on demurrer to the complaint. Demurrer overruled.

*M. A. Bingham,* for the State.

*E. R. Hard* and *E. F. Brownell*, for the respondent.

The opinion of the court was delivered by

TAFT, J.   This was a prosecution for keeping and maintaining a nuisance under sec. 3836, R. L.   The complaint is in the form given by statute, except that it is not alleged that the place designated was "used as a place of resort."   The case is before us upon demurrer to the complaint.   The want of such allegation renders the complaint insufficient in matter of substance.   It is proper for any court, where a complaint for such an offense is pending, to permit an amendment of the same at·any stage of the proceedings.   R. L., sec. 3865.   The respondent did not indicate, in the court below, the defect complained of; if he had, no doubt it would have been promptly remedied.   He having an opportunity to do so, and, evidently, knowingly omitting it, a majority of the court think the case should be made an exception to the rule laid down in *State* v. *Kennedy*, 36 Vt. 563, where the court refused, in its discretion, to allow an amendment not moved for in the County Court.   The complaint may be amended, the exceptions are overruled, judgment reversed *pro forma*, and the case remanded to the City Court for trial.