J. T. PERRY *v.* F. A. CAMPBELL and others.

The duty of collecting taxes, although in this State ordinarily discharged by sheriffs, is not incident to their office as such, and so does not terminate with the termination of such office:

*Therefore,* one who is specially deputed by a sheriff to collect taxes, continues to be a deputy for that purpose after a resignation by his principal; and the sureties upon his bond are liable for the money by him collected *after* that time,

COVENANT, tried before *Mitchell, J.,* at Spring Term 1868 of the Superior Court of ALEXANDER.

The plaintiff in this case was sheriff of Alexander county, and under the revenue laws of 1866 was required to collect the public taxes in his County for that year.

On the 18th of July 1866, the defendant Campbell, covenanted with the plaintiff to collect the State and county taxes; and to indemnify him against all loss and liability, and a bond was executed by him with proper conditions, the other defendants being sureties.

Campbell received the tax lists at the same date, and entered upon the performance of his duty. On the 22nd of September 1866 the plaintiff resigned the office of sheriff. Campbell continued to collect taxes for some time after such resignation, and failed to make due return. The plaintiff was compelled to pay the balance of the County and State taxes, and to secure indemnity, he brought this suit on the said bond.

The above facts were presented to his Honor in the Court below in a case agreed, and he decided that the plaintiff was entitled to recover. From this judgment the defendants appealed.

*Folk,* for the appellants.

Campbell, after the resignation of the plaintiff, ceased to be deputy, and for his action thereafter, although it was by consent of the plaintiff, his sureties are not responsible. Leigh's.

17

N. P. 2, 743, Pars. Cont. 1, 508, *Union Bank* v. *Rigsbee*, H. & Gill 324, *Miller* v. *Stewart*, 9 Wheat. 680.

*Furches, contra.*

Deputations by a sheriff for the purpose of collecting taxes, do not expire with the term of office of the principal; as the duty of collecting taxes does not belong *properly* to that office. *Lenoir* v. *Wellborn*, 1 Dev. 451; *Dickey* v. *Alley*, 1 Dev. 433; *Slade* v. *Garner*, 3 Dev. 365; *Fitts* v. *Hawkins*, 2 Haws 494.

DICK, J. (After stating the facts as above.) In this State the fiscal authority of a sheriff in collecting the public taxes is not a necessary incident of the office of sheriff and does not always terminate with it. This authority and duty is defined and regulated by the revenue laws of the State. By these laws it is made his duty, on or before a certain day, to receive the tax lists, and proceed to collect and make due return of the public taxes, within a specified period. To enable him to perform this duty, he is invested with ample and summary authority. When he receives the tax list his responsibility begins, and neither his duty nor authority is dependent upon the continuance of the office of sheriff. He cannot free himself from such responsibility, except by collecting and paying over the taxes to the proper officers, under the provisions of the revenue laws.

If a sheriff should die during his term of office, provision is made for his sureties on his tax bond to collect the taxes, and thus save themselves from loss. If a sheriff resign his office, he is still bound as tax-collector, and he still has ample authority to perform such duty.

The tax-list is his warrant of distress against all persons, who fail to make voluntary payment. There is nothing in the law to prevent him from collecting taxes by an agent.

It is asserted on the part of the sureties that Campbell was a deputy sheriff, and that his deputation terminated on the resignation of the plaintiff, and after that time they are not responsible for any default on the part of their principal. The only

evidence of a deputation is contained in the recitals of the bond. From these it appears that the deputation only extended to the collection of taxes. This is not such a deputation as depends upon the continuance of the office of sheriff, but it is a special deputation incident to the office of tax-collector, and as this office still existed after the resignation, the deputation was not terminated.

Campbell continued to act under this deputation, and there is no evidence that he suffered any inconvenience from the resignation of the plaintiff.

The defendant Campbell failed to perform the conditions of his bond, and the plaintiff is entitled to full indemnity.

The judgment below is affirmed.

PER CURIAM.                    Judgment affirmed.