STATE *ex rel.* C. H. COFFIELD, County Treasurer, *v.* K. M. Mc-
NEILL, Sheriff, and others.

The condition of the bond securing the faithful collection of the public
taxes, given by a sheriff in September, 1874, who was elected the
preceding August, embraces the taxes to be collected for the fiscal
year preceding the 1st of April, 1875, and not the taxes due and col-
lected for the year ending April, 1874. The collection of the latter
is secured by his former bond, if he was sheriff at that time.

(*Fitts* v. *Hawkins*, 2 Hawks 384; *Poole* v, *Cox*, 9 Ired. 69; and *Perry* v.
*Campbell*, 63 N. C. Rep. 257, cited and approved.)

CIVIL ACTION, tried on demurrer before *Buxton J* at Spring
Term, 1875, of the Superior Court of the county of HARNETT.

The following are the substantial facts as contained in the
statement of the presiding Judge.

The action was instituted upon the official bond of K. M.
McNeill, Sheriff of Harnett county, executed in September,
1874, to recover a balance of taxes due the county on the tax
list of 1874.

McNeill was first elected in August, 1872; served one term
of two years, and was re-elected in August, 1874. Upon his
re-election he qualified by taking the oath of office and giving
the bond in suit. The sureties upon this bond are not the
same as those upon the bond of September, 1873.

A demurrer was filed by the defendants specifying some
ten or twelve grounds of demurrer. His Honor allowed the
plaintiff to amend *ad libitum* . The defendants were allowed
to amend their demurrer by alleging that the action should
have been instituted on the bond of 1873, for the taxes of
1874, and not upon the bond of 1874.

The counsel for the defendants insisted that the defendants
were not liable on the bond in suit, for the tax lists of 1874,
which had gone into the Sheriff's hands previous to his last

election and previous to the execution of said bond. That if some one else had been elected Sheriff in 1872, and Mc-Neill had been elected for the first time in 1874, after the tax lists of 1874, had gone into the hands of his predecessor, they would not have been liable, and that consequently they ought not to be effected by the circumstance of his relation to a second term, which was entirely distinct from the first and ought not to be connected with it, so as to affect them.

It was insisted by the plaintiff that while it was true that if some one else had been elected Sheriff in 1872, neither Mc-Neill nor his sureties would have been liable for the tax list of 1874, as it would not have been his duty to collect it; yet the fact was that McNeill was elected in 1872, and so it was his duty to collect the tax of 1874; that by his re-election he became his own successor and that the bond he gave in 1874, was cumulative and additional security, for any breach of duty which occurred subsequent to the execution thereof.

Upon the hearing the court sustained the demurrer and dismissed the action, and the plaintiff appealed.

*A. D. McLean* and *Busbee & Busbee.* for appellant.
*Neil McKay, Guthrie* and *McKay*, contra.

BYNUM J. The taxable property in this State is required by law to be listed as of the first day of April 'in each year, and the taxes are due thereon for the year preceding the said first day of April. The tax lists are to be made out, revised and delivered to the Sheriff on the first of July following, and the taxes are by him to be collected and paid over to the State for State dues, by the first of December, and to the County Treasurer, for county dues, by the eighth of January following, These taxes are all due for the year preceding the said first day of April. Bat. Rev. chap. 102. These tax lists so delivered to the Sheriff, by express law, have the force and effect of judgments and executions against the tax payers.

In our own case, the tax lists were in fact delivered to the Sheriff in July, 1874, as prescribed by law, but they authorized him only to collect the taxes for the taxable year, beginning on the first of April 1873, and ending on the first of April, 1874.

The sheriff was elected in August, 1874, and gave the bond sued on in September, 1874, as prescribed by law. The condition of this bond was, not to collect and pay over the taxes upon the lists placed in the hands of the sheriff in office in July, 1874, but the taxes due for the year preceding the first of April, 1875, and the lists of which would not come to his hands until July, 1875. The doctrine of cumulative bonds does not apply in this case, but only where successive bonds are required to be given for the same term of office. In such cases all the bonds are answerable for any default made during the term. The claim of the plaintiff here is based on the idea that, where the terms of office accumulate upon the same person by successive elections, a bond given is good for any default made during any one of the terms. That is confounding plain distinctions. The question is simplified by considering that the sheriff was elected for the first time in August, 1874. He then had nothing to do with the tax lists of the preceding year, which ended on the first of April, 1874, and before his election. The clerk, as required by law, had delivered these lists to his predecessor, who alone had authority to collect the taxes. The law has made no provision for transferring the tax lists to the new sheriff, as is provided for delivering prisoners and certain writs. If the new sheriff receives the lists and collects the taxes, it must be by some private arrangement between his predecessor and himself, which being unauthorized by law, cannot bind his sureties. For if it did bind them, they would be bound for three years instead of two, the term of office. *Fitts* v. *Hawkins*, 2 Hawk., 394; *Poole* v. *Cox*, 9 Ired., 69.

If the sheriff is re-elected, as it happened in this case, he is

then bound to collect the taxes of the preceding year, but this is by virtue of his former election, and under the responsibility of his old bond. The duty of collecting taxes is not an incident to the office of sheriff, though ordinarily discharged by that officer. The duty, therefore, does not terminate with the office, but he is bound to go on and collect the taxes after his term of office of sheriff has expired, and the sureties upon his bond are liable for the money by him collected, or that should have been collected, after that time. *Perry* v. *Campbell*, 63 N. C. Rep., 257. The plaintiff here had a plain remedy upon the bond of 1873.

There is no error.

PER CURIAM.                                     Judgment affirmed.