State on relation of JOHN A VANN, Treasurer, &c. v. ISAAC PIPKIN, JAMES M. WYNNS and JAMES M. WYNNS, Executor of JOHN W. SOUTHALL.

*Official Bond--Breach of--Forfeiture of Office--Vacancy.*

1. A forfeiture of office and a vacancy can be judicially declared only after trial and culpability established; *Therefore,* the office of Sheriff does not become vacant by failure of the incumbent to renew his bond.

2. The sureties on the bond of a Sheriff are liable for all official delinquencies of which the principal may be guilty during the continuance of his term of office.

3. Where a Sheriff elected in 1872, continued to exercise the duties of the office after his failure to renew his bond and produce his receipts, and was re-elected in 1874, and failed to collect and pay over the taxes for that year; *Held,* that he was liable on his bond of 1872.

(*Hoke* v. *Henderson*, 4 Dev. 1; *State* v. *McIntosh*, 9 Ire. 307; *Com'rs of Bladen* v. *Clarke*, 73 N. C. 255; *Coffield* v. *McNeill*, 74 N. C. 535, cited and approved.)

CIVIL ACTION for Breach of Official Bond, tried at Fall Term, 1876, of HERTFORD Superior Court, before *Moore, J.*

The facts so far as material to present the points made and decided are as follows:

The defendant, Isaac Pipkin, was re-elected to the office of Sheriff of Hertford County in 1872, took the prescribed oath, and executed the bond described in the complaint, with the other defendants as sureties.

On the first Monday in September, 1873, he failed to renew his official bond, and also failed to produce the receipts of settlement of public taxes for the preceding year. No action was taken by the County Commissioners against him, and he continued to exercise and discharge all the duties of the office until the end of his term. The tax list was made out and delivered to him for collection. He was again elected in 1874, and qualified, and executed the bond described

in the answer, and to which other persons than the defendants were sureties. The tax list for 1874, was in August of that year placed in his hands for collection, and for default in not collecting these taxes, the Treasurer of said County nstituted this action.

The facts being admitted, His Honor held that the plaintiff was entitled to judgment, and the defendants appealed. ·

*Mr. W. N. H. Smith,* for plaintiff.
*Messrs. D. G. Fowle* and *D. A. Barnes,* for defendants.

BYNUM, J. By law the term of the office of Sheriff is two years. Before entering upon the discharge of the duties of the office, the person elected Sheriff is required to execute bonds for the faithful collection and payment of the State and County taxes, during his term of office. The term of the defendant, Pipkin, began on the first of September, 1872, at which time he executed the required bonds, one of which is the one now in suit, and entered upon the discharge of the duties of his office.

By law the Sheriff is also required to renew his said bonds annually "and produce the receipts from the Public Treasurer, County Treasurer, and other persons in full of all moneys by him collected, or which ought to have been by him collected, for the use of the State and County, and for which he shall have become accountable; and a failure of the Sheriff elect to renew his bonds or to exhibit the' aforesaid receipts, shall create a vacancy." Bat. Rev. ch. 106, § 5. The defendant, Pipkin, failed to renew his bonds or produce the receipts from the public officers, in full of moneys collected or which ought to have been collected by him, but he nevertheless continued in his office without hinderance until the regular expiration of the term. In August, 1874, the tax lists for the taxes of that year were duly made out and

delivered to him for collection, and for his default in not collecting these taxes, the action is brought.

It is admitted by the counsel of the defendants, that the defendant, Pipkin, is liable upon his said bond, if he in law continued to be Sheriff after his default in renewing his bond and producing his receipts, but it is insisted, that upon his failure to do so, the office of Sheriff became vacant *ipso facto* by the express provisions of the statute above recited, and that this vacancy having occurred on the first of September, 1873, no action lay upon the bond of 1872, for the non-collection and non-payment of the taxes assessed for the year of 1874. Such is not the law. Until the office shall be declared vacant by some competent tribunal authorized by law to declare a vacancy, the Sheriff elect may rightfully hold the office until the end of his term; and he is liable upon his bond for all official delinquencies of which he may be guilty during the continuance of his term of office. Nor can such a vacancy be declared until the alleged delinquent shall have had due notice and a day in Court, if in reach of its process. A forfeiture of office and a vacancy can be judicially declared, only after trial and culpability established. The Sheriff has a property in the emoluments of his office of which he cannot be deprived, but by the law of the land. Const. Art. I, § 17; *Hoke* v. *Henderson*, 4 Dev. 1.

The Sheriff, therefore, continued in office and is liable upon the bond declared on for the taxes of 1874. *Coffield v. McNeill*, 74 N. C. 535; *Bladen Co.* v. *Clarke*, 73 N. C. 255; *Moore Co.* v. *McIntosh*, 9 Ire. 307.

The plaintiff is entitled to judgment according to the case agreed.

No error.

PER CURIAM.                              Judgment affirmed.