T. C. DAVIS v. H. C. MOSS.

*Inferior Court Clerk—Tenure of Office.*

Where the superior court clerk becomes *ex-officio* clerk of the inferior
court, by reason of the justices of the county declining to elect a clerk
of the latter court, and gives the bond required by law, he is entitled
to the office for two years, notwithstanding the expiration of his term
as superior court clerk within that period.

(*Perry* v. *Campbell*, 63 N. C., 257; *Coffield* v. *McNeil*, 74 N. C., 535,
cited and approved.)

CONTROVERSY submitted without action under the Code,
§ 315, and heard at Fall Term, 1878, of WILSON Superior
Court, before *McKoy, J.*

The case agreed states : " On the first Monday of Septem-
ber, 1877, the justices of the peace of Wilson county, in
accordance with an act of the general assembly, ratified on
the 3rd of March, 1877, entitled an act to establish courts
inferior to the supreme court, to be styled 'the inferior
court,' organized an inferior court by the election of three
justices and an attorney, but declined to elect a clerk, it
being entered of record that the clerk of the superior court
be accepted as clerk *ex-officio* of the inferior court, who at the
first term of said court gave bond in the penalty required
by law, and thereafter performed the duties of clerk of such
inferior court. H. C. Moss was then clerk of the superior
court, and at the general election held on the first Thursday
in August, 1878, he was re-elected clerk of the superior
court. At a regular meeting of the justices of the peace of
said county, a majority being present, held on the first
Monday in August, 1878, T. C. Davis was elected clerk of
the inferior court for said county, and gave bond and was
duly qualified before said justices who accepted said bond.

It is agreed on this statement of facts, if His Honor shall

be of opinion that H. C. Moss, clerk of the superior court, is the clerk of the inferior court of Wilson county, then judgment shall be entered that he hold the same and be recognized as such. If the opinion of the court be otherwise then judgment shall be that H. C. Moss surrender the records, books and papers belonging to said office of inferior court clerk to the said T. C. Davis." His Honor held that plaintiff was entitled to the possession of the office, books, papers and other proprerty of the clerk of the inferior court, and that defendant surrender the same to the plaintiff. Judgment accordingly. Appeal by defendant.

*Mr. H. F. Murray,* for plaintiff.
*Meesrs. Gilliam & Gatling,* for defendant.

DILLARD, J. The parties without action presented the question in difference between them to the decision of His Honor on a case agreed in which the facts are substantially as follows: At the organization of the inferior court of the county of Wilson on the first Monday in September, 1877, the justices of the peace declined to elect a clerk, but accepted the defendant clerk of the superior court, as *ex-officio* clerk to the inferior court, took his bond with sureties conditioned for the due performance of his duties for two years, and inducted him into office. At the general election of county officers on the first Thursday in August, 1878, the defendant was re-elected clerk of the superior court and continued to act as clerk to the inferior court. At the regular meeting on the first Monday in August, 1878, a majority being present, the said justices elected the plaintiff clerk to said inferior court, and took bond of him and qualified him as such. Thereupon, on demand and refusal of the possession of the office, the controversy arose.

The determination of the question for our consideration rests upon the construction of the statute—acts 1876-'77,

ch. 154—and if we regard the language employed in reference to a clerk to the inferior court in connection with the intention of the legislature, as gathered from the whole statute, the solution of the question is not a difficult matter.

The act in section 13 provided that the justices of the peace might organize an inferior court or not, and in case of choosing to establish one, they might elect a clerk to the court for themselves; or in case of failing or declining to make the election, they should take the clerk of the superior court as *ex-officio* their clerk. The justices at the organization of the inferior court did not merely fail but solemnly declined to exercise the power of electing a clerk for themselves, and had entry thereof made on the record. Thereupon, as it was necessary to a court to have a clerk, the alternative arose to accept and qualify the defendant, who was then clerk of the superior court. This they did, and accordingly the defendant has ever since performed and now performs the duties of clerk to the inferior court.

The defendant being qualified as clerk to the inferior court, as aforesaid, and admitted to the discharge of its duties, was he removable or liable to be superseded by the justices of the peace at their pleasure? And if not, how long could he hold? To the expiration of his then term of office as superior court clerk, which was less than a year, or to the end of two years from the time of his qualification as clerk of the inferior court. The statute gave the power of electing a clerk to the justices, and, they having declined, the office was otherwise filled; and having neglected their opportunity, the right to elect for that time was gone, and they could not remove or supersede the appointee of the law during his term, whatever it was. § 13.

But how long did the appointee of the law hold? The plaintiff says, only until the expiration of his term as clerk of the superior court, which would occur on the day he was elected by the justices; while the defendant contends that

the duration of his position as clerk to the inferior court was not limited to his then unexpired term as clerk of the superior court, but extended for full two years from his qualification in the inferior court.  The same section (13) of the statute, in case the superior court clerk should become the clerk to the inferior court, provided, that he should give like bond, be subject to the same duties, and be liable in the same manner, and to the same extent, as if he had been elected by the justices of the peace.  The legislature must have designed that the appointee of the law should hold for two years, otherwise a bond for the performance of duty for two years would not have been required of him.  If it had been intended that he should only hold until the appointment of one by the justices, or until the expiration of his office, it could and would have been so expressed, and a bond taken accordingly.  It is hardly respectful to the legislature to suppose that a bond for two years was required, when manifestly the office of defendant as superior court clerk would expire in a year at most, and might be but for a short period of time, as the counties might be prompt or slow in establishing inferior courts.

This case in our view is analogous to the case of a sheriff having entered on his office and received tax lists for collection.  He is entitled by virtue of his office to have the collection of the taxes, and his authority is not an incident to the office of sheriff in such sense as to terminate with it, or depend on its continuance.  His obligation and duty to collect would still exist, if his office expired by efflux of time or by resignation.  *Perry* v. *Campbell*, 63 N. C., 257; *Coffield* v. *McNeill*, 74 N. C., 535.  So we think the right and duty of the defendant to discharge the duties of clerk to the inferior court, having begun as incident to the office of superior court clerk, did not depend on its continuance nor terminate with it.  There is error.  The judgment of the court below is reversed, and this will be certified to the end

that judgment be entered for defendant, and that he may be possessed of the office, books and papers belonging thereto if necessary.

Error.                                                    Reversed.