### GEORGE W. DIXON v. COMMISSIONERS OF BEAUFORT.

*County Commissioners—Sheriff's Bond—Penalty of.*

1. To entitle a sheriff to be inducted into office, it is essentially necessary that three several bonds must be executed by him and approved by the county commissioners according to the requirements of the statute. Bat. Rev., ch. 106, § 8, and ch. 27, § 8, (31.)

2. The county commissioners have the power to require that the penal sums in such bonds shall exceed $10,000, when necessary for the public interests. (Acts of Dec. 9, 1862, and 1868–'69, ch. 1 and 245. *Sykes* v. *Com'rs of Bladen*, 72—34, modified.)

3. Such bonds extend over the entire term of two years, and embrace all taxes collected after their execution. The renewed bonds are additional securities for the fidelity of the sheriff.

(*Slade* v. *Governor*, 3 Dev., 365 ; *Coffield* v. *McNeill*, 74 N. C., 535 ; *Vann* v. *Pipkin*, 77 N. C., 408, approved, and *Sykes* v. *Com'rs of Bladen*, 72 N. C., 34, modified.)

CASE AGREED heard at Fall Term, 1878, of BEAUFORT Superior Court, before *Eure, J.*

The plaintiff who had been elected sheriff of Beaufort county appeared before the defendant commissioners at their meeting on the first Monday in December following, and tendered the process bond in form and with sufficient sureties as required by law, but refused to give the prescribed bonds for the collection of state and county taxes. He proposed and insisted upon a right to be inducted into the office of sheriff, exempt from any obligation or duty in respect to the public taxes. The board denied the application and demanded his execution of all the bonds as a condition of his admission to office. His Honor being of opinion with defendants gave judgment accordingly, and the plaintiff appealed.

*Mr. Geo. H. Brown, Jr.,* for plaintiff.
No counsel for defendants.

SMITH, C. J. (After stating the case as above.) The cor-

rectness of this ruling of the board of commissioners is the only point for the consideration of the court. It is made the duty of one elected to the office of sheriff to "*execute three several bonds* payable to the state of North Carolina and conditioned as follows, one conditioned for the collection, payment and settlement of the county, poor, school, and special taxes;" another, "for the collection, payment and settlement of the public taxes;" and a third, for the due execution and return of process, and the payment over of all moneys which may come into his hands by virtue of such process, and the due execution of all other duties appertaining to the office of sheriff. Bat. Rev., ch. 106, § 8. The board of commissioners have power and it is their duty "to qualify and induct into office after an election" sheriffs and other county officers, and "*to take and approve their official bonds;*" Ibid. ch. 27, § 8, (31), and this, under an amendatory act, is to be done at their meeting on the first Monday in December. Acts 1874–'75, ch. 237, § 3.

The duty thus enjoined by provisions of positive law includes as well the tax bonds which the plaintiff refused to give, as that for the due execution of process, and the board had no more authority to dispense with the former, or either of them, than with the other. The direction is that all three must be given as an indispensable qualification for the office. It is true the functions of the proper office of sheriff and of tax collector, though united and imposed by law upon the same person, are in themselves essentially distinct, and may under some circumstances become dissociated. This occurs when a sheriff goes out of office at the expiration of his term with an uncollected tax list in his hands, or which ought to have been in his hands, though it may have been delivered afterwards. *Slade* v. *Governor*, 3 Dev., 365. So too, upon the death of a sheriff the sureties to his official bond are permitted to proceed with the collection, (Acts 1876–'77, ch. 153, § 45,) and such

severance may take place in other cases. Still, the powers, duties and responsibilities incident to the collection of taxes are by virtue of his office devolved upon the sheriff, and he cannot escape them by a refusal to give the necessary and prescribed bonds; nor will he be permitted to enter upon his office until they have been tendered and accepted.

The plaintiff's counsel, in the argument before us, insists that as the plaintiff is not bound to take the tax lists from his predecessor and no new tax list can come into his hands until the time when a new bond is required, he will meanwhile have no collection of taxes to make, and no bonds to secure them are necessary. If this was so, it would furnish no excuse for a plain and palpable disregard of the law. It is not true, however, that no taxes to be protected by the proposed bonds can come into the plaintiff's hands. The bonds required when the sheriff enters upon his office extend over the entire term of two years, and embrace all the taxes which may be thereafter collected. The subsequent or renewed bonds are but additional and cumulative securities for his fidelity. Moreover, there are large sums paid at various times, as privilege or license taxes, and enumerated in schedule B of the revenue law, which are not contained in the annual lists which are to be made out and delivered on or before the first Monday of September. Those taxes received before that date, and those contained in the first tax list, would be without any security except that afforded by the bonds executed at the beginning of the term of office. *Coffield* v. *McNeil*, 74 N. C., 535; *Vann* v. *Pipkin*, 77 N. C., 408. It is sufficient to say that the mandate of the law is imperative, and the plaintiff has no right to the possession of the office until he complies with all its preliminary requirements. There is no error in the ruling of the court below.

It would seem from the record that the defendants, guided by what is declared in the opinion in *Sykes* v. *Com-*

*missioners of Bladen,* 72 N. C., 34, considered themselves restricted to bonds whose penalties do not exceed $10,000. This is an error which we deem it our duty, at the earliest moment, to correct. There are statutes authorizing a larger penalty when necessary for the public interests, which were probably not called to the attention of the court when that case was decided. See acts of Dec. 9, 1862, and 1868–'69, ch. 1 and 245.

No error.　　　　　　　　　　　　　Affirmed.