STATE v. ALSTON.

(November 7, 1900.)

*Obstructing Justice—Resisting Officers—Sheriffs—Deputy Sheriffs—Collection of Back Taxes.*

> One who obstructs a deputy sheriff in the collection of back taxes, after term of office of sheriff has expired, is guilty of resisting an officer.

INDICTMENT against Bosem Alston, heard by Judge *Frederick Moore,* at February Term, 1900, of CHATHAM Superior Court.

Bosem Alston was convicted of resisting and obstructing a deputy sheriff while attempting to levy to enforce payment of a delinquent tax, and he appeals.

"The jurors, for the State," etc., "present that Bosem Alston on the 1st of February, 1900, with force and arms," etc., "wilfully and unlawfully did resist, delay, and obstruct W. F. Crutchfield, a duly-constituted and acting officer of the county of Chatham, to-wit, a deputy sheriff, in discharging and attempting to discharge a duty of his office, against the form of the statute," etc. Testimony of Crutchfield, the complaining witness, is that he was collecting arrears of taxes for ex-Sheriff Jenkins, whose term of office expired on the 30th of November, 1898. He was also deputy under the

present sheriff.   On December 13, 1899, acting as deputy tax collector for ex-Sheriff Jenkins, he went to the house of defendant to collect some back taxes, as per tax list which had been placed in his hands by ex-Sheriff Jenkins, and endeavored to levy upon a calf, but was deterred by threatening language of defendant, who had a piece of a small knife in his hand, which he drew, saying he would die before Crtuchfield should touch the calf; but defendant was not near enough at any time to strike the witness, nor did he attempt to strike.   Defendant in apt time requested the Court to instruct the jury, "(1)   that if they shall find from the evidence that at the time alleged in the indictment the office of J. J. Jenkins, as sheriff, had expired, then the complaining witness, Crutchfield, acting as his deputy, was not an officer of the State of North Carolina, and an indictment for resisting him as such officer would not lie; (2) that the authority given under any statute to ex-Sheriff Jenkins to collect arrears of taxes does not constitute him, or any so-called deputy of his, an officer of the State, but simply vests in him a right of civil action for the collection of such back taxes."

The Court refused to give the instructions, and defendant excepted.   The Court then charged the jury, among other things, that if they believed from the evidence that said complaining witness was acting as deputy tax collector of ex-Sheriff Jenkins, then he was an officer of the State of North Carolina.   Defendant excepted, and appealed from the judgment pronounced, and alleged error in the instructions given and failure to give the instructions asked.

*Zeb. V. Walser,* Attorney-General, for the State.
*Womack & Hayes,* for the defendant.

FAIRCLOTH, C. J.   In this indictment the defendant is charged with wilfully and unlawfully resisting and obstruct-

ing a deputy sheriff in his office, who was attempting to collect back taxes. Acts 1889, chap. 51, sec. 1, declares that any person obstructing a public officer in the discharge of the duties of his office shall be guilty of a misdemeanor. The sheriff's term of office expired on November 30, 1898, with the tax list in his hands. The order of the Clerk on the tax list has the force and effect of a judgment and execution against the property of the person charged in such list. Acts 1899, chap. 15, sec. 30. Acts 1899, chap. 56, sec. 1, authorizes sheriffs and tax collectors who, by virtue of their office, have had the tax list in their hands, to collect arrears of taxes, etc. The defendant asked the Court to charge that, if the sheriff's office had expired before the time of the alleged offense, then neither the sheriff nor his deputy was a public officer, and that they had only a right of civil action to collect such back taxes, and that an indictment for resisting would not lie. His Honor refused this request, and told the jury that, if the deputy was acting as tax collector of the ex-sheriff, then he was an officer of the State. So the question is, was the deputy an officer of the State? In similar cases it has been held that "the duty of collecting taxes is not an incident to the office of sheriff, though ordinarily discharged by that officer. The duty, therefore, does not terminate with the office, but he is bound to go on and collect the taxes after his term of office of sheriff has expired; and the sureties upon his bond are liable for the money by him collected, or that should have been collected, after that time." *State v. McNeill,* 74 N. C., 535; *Perry v. Campbell,* 63 N. C., 257, approved in *Davis v. Moses,* 80 N. C., 144. Acts 1899, chap. 56, sec. 1, empowers the sheriff or tax collector of taxes in arrears to collect "under such rules and regulations as are now or hereafter may be provided by law for collection of taxes." The sheriff, then, having the same authority, under

the same rules and regulations, after the expiration of his office, as before, would seem to be a public officer; and, if so, his deputy to perform the duty would be a State officer. We can see no error in the trial.

Affirmed.