MRS. ELLA SAUNDERS, WIDOW OF E. W. SAUNDERS, DECEASED, CLAIMANT, v. I. M. ALLEN, SHERIFF, BOARD OF COMMISSIONERS OF CLEVELAND COUNTY, AND TRAVELERS INSURANCE COMPANY, DEFENDANTS.

(Filed 1 May, 1935.)

1. **Master and Servant F b — Evidence held to support finding that deputy was not acting in scope of employment by sheriff at time of injury.**

    The denial of liability of a sheriff for the death of his deputy is affirmed upon facts tending to show that at the time of the deputy's fatal injury by a person whom he had arrested for drunkenness the deputy was acting upon his own responsibility and contrary to the instructions of the sheriff.

2. **Master and Servant F a—**

    From the facts appearing of record in this case, a deputy sheriff *is held* not an employee of the county within the meaning of the Compensation Act, N. C. Code, 8081 (i), (a), (b), (c), and was not covered by the county's policy of compensation insurance.

3. **Master and Servant F i—**

    The findings of fact of the Industrial Commission are conclusive on appeal, unless there is not sufficient evidence to support them.

APPEAL from *Harding, J.,* by claimant and defendants Board of Commissioners of Cleveland County and Travelers Insurance Company, Summer Term, 1934, of CLEVELAND. Affirmed as to I. M. Allen, sheriff. Reversed as to Cleveland County and Travelers Insurance Company.

This was a claim filed by Ella Saunders, widow of E. W. Saunders, with the Industrial Commission of North Carolina for benefit on account of the death of her husband, E. W. Saunders. On 31 December, 1932, Buren Dedmon and E. W. Saunders, both of whom were deputy sheriffs, arrested, without a warrant, two drunks within the business section of the city of Shelby. They placed said prisoners in a car and carried them to the county jail. While in the jail yard, one of the prisoners drew a gun, which he had concealed about his person, and

fired at Deputy Saunders. A gun battle ensued between the prisoner and Deputy Saunders, as a result of which both of them died within a few hours on account of gunshot wounds received.

The case was heard by J. Dewey Dorsett, Commissioner, at Shelby, N. C., on 15 June, 1933, who rendered an opinion denying an award and holding that the defendants were not liable, from which decision the claimant appealed to the full Commission. Thereafter, the full Commission rendered an opinion deciding in favor of the claimant and granting an award against the Board of Commissioners of Cleveland County and the Travelers Insurance Company, but holding the sheriff not liable. Both parties appealed from this decision to the Superior Court of Cleveland County, and judgment was thereafter rendered by Judge Harding upon the record sustaining the award made by the Industrial Commission. From this award the Board of Commissioners of Cleveland County and the Travelers Insurance Company appealed, and the claimant appealed from that portion of the judgment which failed to include the sheriff in the award.

*John P. Mull for claimant, widow of E. W. Saunders.*
*Peyton McSwain for Cleveland County.*
*Henry B. Edwards for I. M. Allen, sheriff.*
*Ryburn & Hoey for Travelers Insurance Company.*

CLARKSON, J. N. C. Code, 1931 (Michie), sec. 8081 (i), definition (f), is as follows: " 'Injury and personal injury' shall mean only injury by accident arising out of and in the course of the employment, and shall not include a disease in any form, except where it results naturally and unavoidably from the accident."

*First:* The claimant, Ella Saunders, widow of E. W. Saunders, deputy sheriff, appeals from the portion of the judgment which fails to include the sheriff in the award. From all the facts appearing in the record, we see no error in the judgment. The deputy sheriff, Saunders, was acting on his own responsibility and contrary to the instructions of the sheriff. *Hanie v. Penland,* 194 N. C., 234; *Starling v. Morris,* 202 N. C., 564.

*Second:* From all the facts appearing in the record, we do not think E. W. Saunders, deputy sheriff, was an employee of Cleveland County as the term "employee" is used in the Workmen's Compensation Act. N. C. Code, 1931 (Michie), sec. 8081 (i), (a), (b), (c).

There is no sufficient evidence to base the finding of fact that E. W. Saunders was an employee of Cleveland County, nor do we think that there are any provisions in the liability policy of the Travelers Insurance Company that made it liable to indemnify Cleveland County, under the facts on this record.

The killing of Saunders, in an honest effort to enforce the law on his part, was deplorable and unfortunate, but, on the entire record, we find no sufficient evidence to hold Cleveland County or the Travelers Insurance Company liable.

The facts found by the full Commission are binding on this Court, unless the evidence is insufficient to support the findings. *Smith v. Hauser & Co.*, 206 N. C., 562 (563). From a careful perusal of the record and examination of the briefs of the litigants, we cannot hold that the facts were sufficient to support the findings of the full Commission, which were confirmed by the court below. There seems to be a *casus omissus* which this Court cannot supply.

In the judgment as to I. M. Allen, sheriff, it is
Affirmed.

In the judgment as to Cleveland County and the Travelers Insurance Company it is
Reversed.