MRS. FREEMAN EDWARD EARLY, WIDOW FREEMAN EDWARD EARLY, DECEASED, EMPLOYEE, v. W. H. BASNIGHT & COMPANY, INC., EMPLOYER, AND GREAT AMERICAN INDEMNITY COMPANY, CARRIER.

(Filed 21 September, 1938.)

1. **Master and Servant § 41a—Where for exceptional reasons computation of "average weekly wage" by enumerated methods would be unfair, Compensation Commission may resort to other methods of computation.**

When, in determining the amount to be awarded the dependents of a deceased employee, the methods of computing the "average weekly wage" enumerated in the first paragraph of subsection "e," N. C. Code, 8081 (i), would be unfair because of exceptional circumstances, the Industrial Commission is authorized by the second paragraph of said subsection to use such other method of computation as would most nearly approximate the amount which the employee would be earning if living, and the provisions of the second paragraph of the subsection apply to all three of

the methods of computation enumerated in the first paragraph, and such other method of computation may be invoked for exceptional reasons even though the employee had been constantly employed by the employer for fifty-two weeks prior to the time of the injury causing death.

**2. Master and Servant § 55d—**

    The findings of fact by the Industrial Commission, when supported by any competent evidence, are binding on both the Superior and Supreme Courts.

**3. Master and Servant § 41a—Evidence held sufficient to support findings of fact constituting "exceptional reasons" as matter of law within meaning of N. C. Code, 8081 (i) (e).**

    The Industrial Commission found upon supporting evidence that the deceased employee had been employed by defendant employer for a number of years, that he had been promoted successively from truck driver to stock clerk to salesman with increased wages from time to time, and that he had been given a raise in the last position less than three months prior to the time of injury resulting in death, part of the supporting evidence being testimony by the employee's superior that "with the business he was getting" he would had had further increases. *Held:* The findings are sufficient in law to constitute "exceptional reasons" within the meaning of subsection "e," N. C. Code, 8081 (i), and the employee's "average weekly wage" was properly fixed at the amount he was earning weekly at the time of the injury, it being patent that the wages he was then receiving were not temporary and uncertain, but constitute a fair basis upon which to compute the award to his dependents.

APPEAL by defendants from *Hamilton, J.,* at June Term, 1938, of EDGECOMBE.

Proceeding under North Carolina Workmen's Compensation Act to determine liability of defendants to dependents of Freeman Edward Early, deceased.

The only controversy in this case revolves around the amount of "average weekly wages" on which to base the award of benefits to dependents.

The testimony of W. I. Johnston, manager of W. H. Basnight & Company, is the only evidence offered. He testified substantially as follows: The company is engaged in the business of wholesale distributor of general merchandise. Freeman Edward Early was employed by the company seven or eight years prior to his death. He entered the employment as a truck driver, and then for three or four years he worked as a stock clerk in the warehouse, at a salary of $20 per week for the last two years of that time. Six months prior to his death he was employed as a traveling salesman with about 350 miles of territory per week. At first he was paid a salary of $20 per week, but in January, 1937, his salary was increased to $100 per month, with traveling expense allowance of $21 per week. He was out in the territory five days per week, but spent only one night there. There was likelihood of Early

receiving consideration of further increase in wages. He was put in as salesman as an experimental proposition at first, in new territory, at his old salary. At time of his death, he had had one raise in salary, and the witness said: "With the business ·he was getting, he would have had further advances in line with other salesmen. . . . The next lowest salesman we had at that time was drawing $125, and Mr. Early would probably have gone to $125 in a short time." The salaries of the six salesmen employed by the company range from $100 to $150 per month.

The North Carolina Industrial Commission, on appeal from the findings of fact, conclusions of law and award of the hearing Commissioner made these findings of fact:

"(1) That the plaintiff's deceased had been regularly employed in one capacity or another by W. H. Basnight & Company for three or four years, and that all except the last six months of said employment has been in the warehouse.

"(2) That approximately six months prior to the injury by accident to plaintiff's deceased and his death 16 March, 1937, said deceased had been promoted to the position of salesman.

"(3) That as a warehouse clerk he had received an average weekly wage of $20 and continued to receive said wage for three months following his promotion to the position of salesman, and that on 1 January, 1937, his salary was increased to $100 per month, or $23.07 per week.

"(4) That for exceptional reasons the average weekly wage of the plaintiff's deceased over the twelve months immediately preceding his injury and death would be unfair to the deceased employee and his dependents.

"(5) That the plaintiff's deceased would have been earning $23.07 per week if it had not been for the injury."

Thereupon the Industrial Commission awarded compensation on the basis of the increased weekly wages received by the deceased after 1 January, 1937. In the opinion of the Commission it is stated: "The Full Commission has not taken into consideration the anticipated increase, but has given consideration to the actual increase that the deceased received from 1 January to 16 March."

From judgment of the Superior Court, on defendant's appeal, affirming the findings of fact and the award of the North Carolina Industrial Commission, defendants appealed to the Supreme Court and assign error.

*No counsel for plaintiff, appellee.*
*H. S. Merrell and Battle & Winslow for defendants, appellants.*

WINBORNE, J. These four questions are presented on this appeal:

1. Where an employee has been employed for the fifty-two weeks prior to the time of the injury which results in death, at wages the

weekly average of which is definitely ascertainable by dividing the total by fifty-two, does the North Carolina Workmen's Compensation Act require that method of computing the average weekly wages of such employee to be followed?

2. Or, upon finding that for exceptional reasons that that method would be unfair to employee, may the North Carolina Industrial Commission resort to such other method as would most nearly approximate the amount which the injured employee would be earning were it not for the injury?

3. Is there sufficient competent evidence in the record on this appeal to support the fourth finding of fact as to "exceptional reasons?"

4. If so, as a matter of law, do the facts found constitute such "exceptional reasons" within the meaning of subsection "e" of section 2 of chapter 120, Public Laws 1929; C. S., 8081 (i) (e)?

We answer the first question in the negative, and the last three in the affirmative.

1-2. It will be noted, by reference to the North Carolina Workmen's Compensation Act, Public Laws 1929, ch. 120, sec. 38; C. S., 8081 (tt), that where death of employee results from injury by accident "the employer shall pay . . . to the dependents of the employee . . . a weekly payment equal to 60 per centum of his average weekly wages . . ." In subsection "e" of section 2 of the act, "average weekly wages" is defined and methods of computing same with reference to three given situations, prior to injury, are set forth: (a) Where the employment has been continuous for at least fifty-two weeks; (b) where the employment has extended over a period of less than fifty-two weeks; and (c) where, by reason of a shortness of time during which the employee has been in the employment of his employer, or the casual nature or terms of his employment, it is impracticable to compute the average weekly wages as above defined. The three situations are treated in the same paragraph. Then there follows in a new paragraph of the same section this provision: "But where for exceptional reasons the foregoing would be unfair, either to the employer or employee, such other method of computing average weekly wages may be resorted to as will most nearly approximate the amount which the injured employee would be earning were it not for the injury."

The words "the foregoing" clearly refer to the preceding paragraph, which includes the three methods of computation above described. Hence, it is manifest that where exceptional reasons are found which make the computation on the basis of either of "the foregoing" methods unfair to the employee, the Legislature intended that the Industrial Commission might resort to such other method of computing the average weekly wages as would most nearly approximate the amount the injured

employee would be earning if he were living. The act is so expressed in clear language which requires no interpretation. If construction were required, the Workmen's Compensation Act should be liberally construed so as to effectuate the legislative intent or purpose which is to be ascertained from the wording of the act. *Borders v. Cline,* 212 N. C., 472, 193 S. E., 826, and cases cited.

3-4. The findings of fact by the North Carolina Industrial Commission, when supported by any competent evidence, are binding on both the Superior and Supreme Courts. Public Laws 1929, ch. 120, sec. 60; C. S., 8081 (ppp); *Johnson v. Hosiery Co.,* 199 N. C., 38, 153 S. E., 591; *Southern v. Cotton Mills Co.,* 200 N. C., 165, 156 S. E., 861; *West v. Fertilizer Co.,* 201 N. C., 556, 160 S. E., 765; *Dependents of Poole v. Sigmon,* 202 N. C., 172, 162 S. E., 198; *Nissen v. Winston-Salem,* 206 N. C., 888, 175 S. E., 310; *Saunders v. Allen,* 208 N. C., 189, 179 S. E., 754; *Hildebrand v. Furniture Co.,* 212 N. C., 100, 193 S. E., 294; *Walker v. Wilkins & Co.,* 212 N. C., 627, 194 S. E., 89.

There is sufficient competent evidence on this record to support the finding of fact as to "exceptional reasons." Here the employee, during the long period of employment, had made successive advancements from truck driver to stock clerk to salesman with increased wages from time to time. While he had been in the last position less than three months, the evidence discloses that as salesman he entered a new territory, and, in the language of his superior, "with the business he was getting, he would have had further advances . . ." Thus, it is patent that the wages he was receiving at the time of his death were not temporary and uncertain, and constituted a fair basis upon which to compute the award of benefits.

On this record the facts found are sufficient in law to constitute "exceptional reasons" within the meaning of provision of the North Carolina Workmen's Compensation Act, to which hereinabove reference is made.

Affirmed.