S. E. CASEY, EMPLOYEE, v. BOARD OF EDUCATION OF THE CITY OF DURHAM, EMPLOYER, AND THE TRAVELERS INSURANCE COMPANY, CARRIER, AND THE STATE SCHOOL COMMISSION, SELF-INSURER.

(Filed 31 May, 1941.)

1. **Master and Servant § 55d—**

Findings of fact by the Industrial Commission, supported by competent evidence, are binding upon the courts upon appeal.

2. **Master and Servant § 39d—Finding that employee was injured in course of his employment by municipal board of education held conclusive.**

The findings of fact of the Industrial Commission, supported by evidence, were to the effect that claimant employee was employed as janitor of a school for 8 months out of the year, his salary for this work being paid in part by the State School Commission, and was also employed in school maintenance work outside of his regular working hours as janitor and during the remaining four months of the year, his compensation for maintenance work being paid exclusively by the municipal board of education, and that he was injured in the course of his employment in maintenance work after regular hours in a school of which he was not custodian. *Held:* The findings support the conclusion of law that he was injured during his employment by the municipal board of education and that the municipal board and its carrier are solely liable for compensation for his injury. Ch. 358, sec. 22, Public Laws 1939.

3. **Master and Servant § 41a—**

Claimant was employed as janitor, his compensation for such work being paid in part by the State School Commission, and was also employed in school maintenance work, his compensation for the maintenance work being paid exclusively by the municipal board of education. He was injured while engaged in duties pertaining exclusively to school maintenance work. *Held:* An award computed on the basis of the total compensation customarily earned by claimant, rather than the compensation earned solely in school maintenance work, upon the Commission's finding of exceptional conditions, is upheld. Ch. 120, sec. 2 (e), Public Laws 1929.

**4. Master and Servant § 45b——**

A condition in a compensation insurance policy issued to a municipal board of education, relieving or lessening the carrier's liability in cases where an employee receives his remuneration in whole or in part from the State, has no application when the employee is injured while engaged solely in maintenance work paid for exclusively by the municipal board.

APPEAL by the Board of Education of the city of Durham and the Travelers Insurance Company from *Grady, Emergency Judge,* at March Term, 1941, of DURHAM.

This is a proceeding under the North Carolina Workmen's Compensation Act to determine the liability for injuries received by the plaintiff from an accident arising out of and in the course of his employment.

The facts found by the individual Commissioner and adopted and affirmed upon appeal by the Full Commission and by the judge of the Superior Court are as follows:

"1. That the Board of Education, City of Durham, has accepted the provisions of the Compensation Law and the Travelers Insurance Company is the carrier.

"2. That the plaintiff, S. E. Casey, was employed as janitor or custodian of the Southside School, Durham, on a 12-months basis, and for eight months of this time was in part paid by the State School Commission, the remaining four months was paid from the local funds furnished through the Board of Education, City of Durham, and in addition thereto, was paid through the Board of Education, City of Durham's special funds for extra maintenance work performed out of regular hours; that for his services as custodian he received $18.00 per week, and for his extra work, approximately 30c per hour.

"3. That the plaintiff, S. E. Casey, and P. H. Melvin, night watchman of the Junior High School, Durham, were properly requested by the school officials to do some painting and maintenance work in a room at the Durham Junior High School on the night of November 29, 1939, so that the room would be ready for the use of the band following Thanksgiving; that on said night Casey, along with other custodians, attended a custodian's school, and at the conclusion of the school he and Melvin went to the premises of the Junior High School to engage in the work, when Casey accidentally fell from one concrete walk, which was elevated, onto another, about 9:30 p.m., falling on his right arm and shoulder; that said injury was by accident arising out of and in the course of said Casey's employment by the Board of Education, City of Durham; and, that as a result of said injury he was totally disabled for a week and a half, when he returned to his former employment, doing selective work, and receiving full wages until June 1, 1940, when he was laid off because of his inability to do the more laborious maintenance work during the

summer season; that the plaintiff has definite limitation of the use of the injured right arm at the present time due to the injury by accident and that he is entitled to further medical care.

"4. That said Casey was not working for and was not being paid by the State School Commission at the time of his injury by accident, November 29, 1939.

"5. That for exceptional reasons it would be unfair to the employee to take his earnings for the extra work he was doing at the time of his injury to establish his average weekly wage, and, it is, therefore, necessary to use his full earnings to establish a wage that will most nearly approximate his earnings if he were not injured."

From judgment of the Superior Court affirming the award of the Full Commission "that said Board (Board of Education of the City of Durham) pay to the plaintiff compensation at the rate of $10.80 per week, for a week and a half's total disability, beginning November 29, 1939, and thereafter at said rate beginning as of June 1, 1940, and in addition thereto, furnish the plaintiff with additional, reasonable, medical, surgical, and hospital care as may be necessary and pay for same after bills have been submitted to and approved by the Commission, and specifically furnish reasonable treatment necessary for the injured shoulder. The question of permanent disability will be determined at a later date, if there is any," and dismissing the State School Commission as a party defendant, appeal was taken by the city board of education and its insurance carrier.

*Hedrick & Hall* for plaintiff, appellee.

*Attorney-General McMullan* and *Assistant Attorneys-General Bruton* and *Patton* for State School Commission, appellee.

*Sapp, Sapp & Atkinson* for defendants, appellants.

SCHENCK, J.   The findings of fact are amply supported by competent evidence, and were therefore binding upon the Superior Court and upon this Court.   Public Laws 1929, ch. 120, sec. 60 (N. C. Code of 1939 [Michie], 8081 [ppp]); *Early v. Basnight & Co.*, 214 N. C., 103, 198 S. E., 577; *Saunders v. Allen*, 208 N. C., 189, 179 S. E., 754; *Buchanan v. Highway Commission*, 217 N. C., 173, 7 S. E. (2d), 382.

The Workmen's Compensation Act is applicable to the State School Commission and to county and city administrative school units.   Ch. 358, sec. 22, Public Laws 1939.   The pertinent portion of said section of said act being as follows: "Liability of the State for compensation shall be confined to school employees paid by the State from State School funds for injuries or death caused by accident arising out of and in the course of their employment in connection with the State operated eight months

school term. . . . The County and City administrative units shall be liable for Workmen's Compensation for school employees whose salaries or wages are paid by such local units from local funds, . . ."

According to the findings of fact by the Commission the plaintiff was not working for and was not being paid by the State School Commission at the time of his injury by accident. He was engaged in the performance of his duties incident to school plant maintenance, for which the State School Commission was in no wise responsible and for which employment the State School Commission was not liable. He was engaged in this work at night, under a separate contract of employment with the Board of Education of the city of Durham, in a school building of which he was not the custodian, and while so engaged in the employment of the city board he sustained an injury arising out of and in the course of such employment. The facts found support the conclusion of law reached and the award made.

It would seem that the principal question involved in this appeal is whether the Commission employed a proper method in the computation of the average weekly wage of the plaintiff. The pertinent provision of the Workmen's Compensation Act for determining the average weekly wage of an injured employee is found in chapter 120, section 2, subsection (e), of the Workmen's Compensation Act of 1929. That section, after providing for the methods of computing the average weekly wage which are not applicable to this case, provides as follows: "But where for exceptional reasons the foregoing would be unfair, either to the employer or employee, such other method of computation of average weekly wages may be resorted to as will most nearly approximate the amount which the injured employee would be earning were it not for his injury."

The Commission found as a fact that on account of exceptional reasons, arising upon the facts, it would be unfair to the employee to employ the other methods for computing the average weekly wage and that it would be fair to compute such wage upon the basis of the amount customarily earned. It would seem that upon the facts found the Commission, in the exercise of its broad administrative powers, adopted a fair method of computing the average weekly wage of the plaintiff by ascertaining the approximate amount the plaintiff would have earned had he not been injured. *Early v. Basnight & Co., supra.*

The endorsement 1721 attached to the policy issued by appealing insurance carrier, which relieves or lessens the carrier's liability in cases where the employee receives his remuneration in whole or in part from the State, would seem to have no application in this case, since the Commission has found, upon competent evidence, that the plaintiff's accident

arose out of and in the course of his employment by the city board, in the payment of the remuneration for such employment the State had no part.

The judgment of the Superior Court is

Affirmed.