In its Opinion and Award, the majority declines to combine plaintiff's earnings from both of the jobs in which she was employed at the time of her injury and only considers her part-time employment with defendant-employer in its wage and compensation rate calculation. As a result, plaintiff's wages from her full-time sewing position were not considered when calculating her average weekly wage, even though plaintiff was disabled from this work in an admittedly compensable work-related injury. This seems to me a profound unfairness and therefore I respectfully dissent.
N.C. Gen. Stat. § 97-2(5) defines average weekly wages as "the earnings of the injured employee in the employment in which he was working at the time of the injury . . . ." This statute, by my reading, does not indicate that the compensation should be calculated solely from one salary if an injured worker was working multiple jobs at the time of a compensable injury. The statute indicates only that "earnings" should be considered and does not specifically restrict these "earnings" to the wages from one particular job. In the case at hand, plaintiff was employed full-time at Outerbanks Company and part-time with defendant-employer. Both positions constitute plaintiff's "employment" at the time of her admittedly compensable injury, as she was certainly employed by OuterBanks at the time of her injury. The majority's reading of the statute, which I concede is the dominant interpretation the available case law, seems to assume that one cannot be employed, or "working at" multiple jobs concurrently. In my opinion, for example, a worker is employed at a part-time night job even during the day, in that the worker is on the payroll and is certainly expected to report to work when scheduled. Casey v. Board of Educ., 219 N.C. 739, 14 S.E.2d 853
(1941) is a case that employs better reasoning in allowing multiple incomes in a workers' compensation wage calculation situation.
A result such as the one reached by the majority in this case that only fractionally compensates a fully disabled worker like plaintiff is a decision I cannot accept. Such an injured worker cannot earn any income and is therefore not compensated for her disability. How is this completely disabled worker expected to live on such a pittance? This result would seem to violate the spirit and purpose of the Workers' Compensation Act. Further, the result reached by the majority violates the long-standing overarching policy of the Worker's Compensation Act that the wear and tear of human beings in modern industry should be charged to the industry. Porterfield v. RPC Corp., 47 N.C. App. 140,266 S.E.2d 760 (1980); Harless v. Flynn, 1 N.C. App. 448, 162 S.E.2d 47
(1968); Vause v. Vause Farm Equip. Co., 233 N.C. 88, 63 S.E.2d 173
(1951). In this case, defendants took the plaintiff (who worked multiple jobs) as they found her and left a worker disabled from two jobs, not one. These defendants should shoulder the cost of compensating this plaintiff for all of her disability.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER